HARRIET BRIGHTMAN v. JOHN J. FRY.

Decided December 8, 1897.

**Injunction—Dissolution·on Motion—Dismissal—Review on Appeal.**

In a suit to enjoin the enforcement of an order of sale, the temporary injunction was dissolved on motion, upon sworn answer denying the equities of the bill and supported by documentary evidence and affidavits, and the final hearing on the merits was continued on defendant's application; whereupon plaintiff voluntarily dismissed her case, and, without motion to reinstate, prosecuted error. *Held*, that she could not, in such proceeding, attack the correctness of the ruling dissolving the injunction.

ERROR to Coleman. Tried below before Hon. J. O. WOODWARD.

*L. B. Russell, T. H. Strong*, and *L. H. Brightman*, for plaintiff in error.—1. The case presents an appealable judgment. The order dissolving the injunction deprives plaintiff ·of the sole benefit sought by the suit. The court, having decided that the plaintiff was estopped from attacking the judgment, should have dismissed the petition, since under this ruling there could be no trial on the merits. But having retained control of the case with the injunction dissolved, and having continued it over for the term, it seemed necessary that plaintiff should dismiss in order to obtain a final judgment. Railway v. Railway, 68 Texas, 98; Love v. Powell, 67 Texas, 16; Merle v. Andrews, 4 Texas, 200; Cannon v. Hemphill, 7 Texas, 195; West v. Bagby, 12 Texas, 34; Linn v. Arambould, 55 Texas, 616; Pryor v. Emerson, 22 Texas, 162; Hanks v. Thompson, 5 Texas, 6; High on Injunc., 1 ed., secs. 891, 892.

2. A motion to dissolve an injunction upon the coming in of the sworn answer and based thereon, if heard before trial on the merits, must stand or fall by the answer. No evidence is admissible in support of the answer at this stage of the proceedings. The evidence objected to in the foregoing assignments, although entirely irrelevant because of the insufficiency of defendant's special verified denial, was received by the court as relevant and decisive of the merits of the controversy, the court holding that such evidence showed plaintiff to be estopped from attacking the agreed judgment, and it was therefore, from that point of view, inadmissible. Rev. Stats., arts. 3006, 3007; High on Injunc., 1 ed., sec. 1004; O'Docherty v. McGloin, 25 Texas, 67.

3. The husband can not, with or without the consent of the wife, by agreement without the wife's signature and privy acknowledgment, ingraft any lien of any character upon the homestead of himself and wife, and in fact, if no vendor's lien had ever attached to the land in question and claimed by plaintiff as a homestead, the agreement of the husband that there was a vendor's lien on said land and the judgment of the court rendered thereon in a suit in which the plaintiff was not a party, and without her knowledge and consent, could not create a lien, and the wife would not be bound by the acts of her husband, and the good faith of her husband and Fry in entering into said agreement could not and would not change the status of the wife's rights under the law, and the

court erred in so holding. Loan Assn. v. Barker, 39 S. W. Rep., 317; Seay v. Fennell, 39 S. W. Rep., 181; Thomas v. Williams, 50 Texas 269; Kallman v. Ludenecker, 28 S. W. Rep., 579; Wheatley v. Griffin, 60 Texas, 209; Jacobs v. Hawkins, 63 Texas, 1; Armstrong v. Moore, 59 Texas, 646; Loan Co. v. Blalock, 76 Texas, 85; Morris v. Geisecke, 60 Texas, 633.

4. In a suit for injunction to restrain the sale of a homestead under a decree of foreclosure the injunction is the sole benefit to be gained from the suit, and if the petition shows probable cause of action the court should retain control of the entire case until a trial on the merits, and the injunction should not be dissolved until final judgment is rendered in the case. Friedlander v. Ehrenworth, 58 Texas, 353; Stein v. Freiberg, 64 Texas, 273; Willis v. Gordon, 22 Texas, 243; Witt v. Kaufman, 25 Texas Supp., 384; High on Injunc., 1 ed., sec. 1007.

*Simms & Snodgrass,* for defendant in error.—That party taking nonsuit can have no relief on appeal. See following authorities: Railway v. Railway, 68 Texas, 98; 6 Am. and Eng. Encyc. of Pl. and Prac., 1003; Kempland v. Macauley, 4 Texas, 436; Box v. Bennett, 1 H. Bl., 432; Corsar v. Reed, 17 Q. B., 540; Evans v. Swete, 2 Bing., 326; U. S. v. Evans, 5 Cranch, 280; Anderson v. Pres. Church., 13 Fla., 592; Dunkle v. Rotholz, 19 Atl. Rep., 260.

It seems that the main ground of complaint is the judgment of the court below in dissolving the preliminary injunction and in the hearing of evidence on the motion to do so. A sufficient answer to this is, that the answer of Fry was under oath, and negatived all the grounds of the application under oath, and it alone was sufficient to require the dissolution of the injunction. It seems the plaintiff in error takes umbrage at the fact that the defendant supported this answer with full proof at the hearing of the motion, showing that his sworn answer was true. This certainly ought to be no ground of objection on plaintiff's part.

FISHER, CHIEF JUSTICE.—This is an injunction suit brought by the appellant, Mrs. Harriet Brightman, against John J. Fry and her husband Lyman Brightman, to restrain the execution of an order of sale on 87½ acres of land, an undivided interest in a 125 acres tract in Coleman County.

The petition in effect alleges that the land in controversy, 87½ acres, was purchased by her and her husband from the appellee John Fry and his married daughter Mrs. Green, they at the time owning the 87½ acres which was an undivided part of 125 acres, the balance being owned by the minor children of Fry. That the land so purchased was purchased by plaintiff and her husband as their homestead, and that a deed with covenants of warranty was executed therefor, and the purchase money, $875, was paid in cash, being the full amount due for said land, and that she and her husband thereupon moved upon the land and occupied it as a homestead up to the date of the institution of this suit.

It is also alleged that it was understood between Brightman and Fry that the land so purchased should be free from all incumbrance, and that, during the progress of the negotiations for the purchase thereof, and afterwards, Fry, as the guardian of his minor children, agreed to sell to Brightman the balance of the 125 acres tract, and in pursuance thereof a trade was made by which Fry executed his bond for title, agreeing to convey to Brightman the balance of said land; and thereupon Brightman executed to Fry purchase money notes, with vendor's lien retained for the interest of said minor children. The petition alleges in effect that the interest of the minor children agreed to be conveyed by bond for title was a separate and distinct transaction from the purchase of the 87½ acres from Fry and his married daughter, Mrs. Green, and that the vendor's lien did not cover that part of the land. It is also charged that afterwards, upon failure of Brightman to pay the vendor's lien notes he had executed, Fry instituted suit upon those notes in which he sought to foreclose the vendor's lien on the entire tract of 125 acres, including the land claimed by plaintiff as a homestead; and in pursuance of a fraudulent conspiracy between him and her husband Brightman an agreed judgment was rendered in Fry's favor against Brightman for the purchase money due and for a foreclosure of the vendor's lien on the entire tract. She alleges that she was not a party to this suit and that judgment was obtained and procured in fraud of her homestead rights, in that no vendor's lien existed against the 87½ acres. An execution and order of sale was issued upon this judgment, the execution of which in this suit she seeks to restrain.

A temporary writ of injunction was granted restraining the enforcement of the order of sale, and thereafter Fry filed an answer under oath denying the equities of plaintiff's bill and traversing the material allegations thereof, and in effect alleging that the trade resulting in the sale of the 125 acres was all one transaction, and that the negotiations therefor were carried on and conducted between him and Brightman, the husband of appellant, and that the vendor's lien existed upon the entire tract, and that if appellant acquired any homestead rights in the land the same were subject to this lien. That there was no intention upon his part or that of Brightman to defraud the plaintiff, but that, upon failure of Brightman to pay the notes, the suit was instituted by him to foreclose the lien; and that the judgment entered in that case, foreclosing the lien on the entire tract, was obtained in good faith. Accompanying this answer was a motion made to dissolve the temporary injunction for the reason, among others, that the sworn answer negatived the equities of the plaintiff's case.

Opon hearing the motion the court dissolved the temporary writ and held the case over for a hearing upon the merits. When the case was called for trial on the merits the defendant Fry made an application for continuance, which the court granted. Thereupon the appellant dismissed her case, and from that judgment of dismissal she prosecutes this appeal.

No motion was made in the court below to reinstate the case upon the docket. There is no statement of facts in the record, but there are some findings of the court upon which it based its action dissolving the temporary writ of injunction. It appears from these findings, that the court, in addition to the facts stated in the sworn answer, heard documentary evidence, and the court states that it in part bases its action in dissolving the writ upon this evidence. The record does not inform us what this evidence was.

The plaintiff in prosecuting this appeal bases most of her assignments upon error of the court in dissolving the temporary writ, taking the position that the primary purpose of the suit was to restrain the sale, and the dissolution of the writ practically ended the cases. Therefore, she dismissed her entire case, in order to obtain a final judgment, from which an appeal would lie.

The answer of the defendant Fry, if true, presented a good defense to plaintiff's case and stated grounds upon which the court was justified in entering the order dissolving the writ. It appears from the findings that, in addition, the court heard evidence bearing upon the issues raised by the answer. If it was true, as alleged in the answer, that the vendor's lien covered the entire tract of land purchased by Brightman from Fry, plaintiff's homestead rights would be subordinate thereto. She could acquire no homestead rights as against her vendor, and if Fry and Brightman, in good faith, as alleged by the answer, agreed that judgment should be rendered in Fry's favor foreclosing that lien, the plaintiff would have no grounds upon which to complain. If such was the case, plaintiff would not be a necessary party to the foreclosure suit.

No facts are brought up in the record showing the evidence heard upon the motion to dissolve that would in anywise tend to show that the court abused its discretion in dissolving the writ. If the plaintiff had desired to have contested that question in the court below and to have revised the ruling of the court there made, she should have brought up the facts, in addition to the answer, upon which the court based its conclusions.

In the absence of facts showing to the contrary, we will conclude that the court had before it evidence sufficient upon which to base its order. The appellant is not in a position to complain of the acts of the court in dismissing her case, because that was done at her request and no motion was made in that court to reinstate the case, in order that the issues raised by the pleadings might be finally heard and determined in a trial on the merits. If, after the dismissal of the case, although at her request, she had made a motion to have it reinstated, showing good grounds therefor, and the court had refused, a different question would have been presented.

Some complaint is made as to the court admitting affidavits and documentary evidence in support of the allegations of the answer upon hearing the motion to dissolve. There was no error in this respect. It was proper for the court to hear affidavits from persons who were acquainted

with the facts, in support of the averments contained in the answer. The answer was practically made a part of the motion to dissolve, and this presented to the court a state of facts which authorized the court to dissolve the writ.

We do not care to discuss the other questions presented, for in our opinion no error is shown. Therefore, the judgment is affirmed.

*Affirmed.*

Writ of error refused.