### WILLARD et ux. v. PHILLIPS et al.
### No. 3670.

Court of Civil Appeals of Texas. Amarillo.
Oct. 28, 1931.

Kinney & Ritchey, of Miami, for appellants.

W. M. Lewright and S. D. Stennis, both of Pampa, and Bonner, Bonner & Childress, of Wichita Falls, for appellees.

HALL, C. J.

The appellants Willard and wife sued H. Phillips and wife, W. N. Johnston and wife, Fox-Rig & Lumber Company, S. D. McIlroy, C. E. Phillips, Hilda E. Matlock, T. N. Childress, and the British-American Oil & Gas Company, seeking to cancel a judgment rendered on June 18, 1928, in cause No. 290 in the district court of Gray county, in which H. Phillips was plaintiff and B. D. Willard was defendant.

The appellants allege that they purchased a tract of land from H. Phillips and wife, paying part of the consideration in cash, and executed their vendor's lien note for the balance. That they immediately moved upon the land and occupied it as their homestead, and thereafter erected improvements on it. That the title was taken in the name of B. D. Willard, but was community property of said Willard and his wife. That when the vendor's lien note became due, H. Phillips filed suit in trespass to try title against B. D. Willard only, to recover the title and possession of the land, and prayed in the alternative for a foreclosure of his vendor's lien. He recovered a judgment for title and possession, and thereafter had a writ of possession issued, and dispossessed Willard and wife, who were living on the premises at the time under a claim of homestead.

This suit is filed attacking the judgment upon the ground, among others, that Mrs. Ella V. Willard, the wife of B. D. Willard, was a necessary party to the suit of H. Phillips to recover such possession and title. They prayed that they be allowed to redeem, tendering into court the amount due as shown by the vendor's lien note. They also alleged that they had erected valuable improvements upon the land after paying a large part of the consideration in cash, and that it would be inequitable to deny them the right to redeem. They also asked for judgment for damages for the wrongful taking of their homestead.

The other defendants, besides Phillips and wife, are made parties defendant because it is alleged that they are claiming some right, title, and interest in and to the land.

The defendants filed a general demurrer, and, on hearing, the trial court sustained the demurrer, holding that the judgment in the case of H. Phillips in his action of trespass to try title was sufficient to divest plaintiffs of all title. Upon the failure of plaintiffs to amend, the suit was dismissed.

The first contention is with reference to the necessity of making Mrs. Willard a party to the suit.

■ It is settled law that the wife of the vendee is not a necessary party in an action by the vendor to foreclose the vendor's lien. Jackson v. Bradshaw, 28 Tex. Civ. App. 394, 67 S. W. 438; Brightman v. Fry, 17 Tex. Civ. App. 531, 43 S. W. 60.

■ It is unnecessary to cite authorities in support of the doctrine that where an express lien is reserved in the deed, the vendor holds the superior title until the purchase money has been paid. Upon default in payment of the purchase money, the vendor has the option of rescinding the sale and recovering the land, or filing suit upon his note and foreclosing his lien. A vendor's lien is not prejudiced by the subsequent establishment of a homestead thereon by the vendee, and, where land was purchased and a vendor's lien retained, no homestead right can be asserted by the vendee against the vendor's suit for unpaid purchase money. Glenn v. Shamburger (Tex. Civ. App.) 240 S. W. 701; First St. Bank v. Thurman (Tex. Com. App.) 12 S.W.(2d) 146; Gregory v. Ward, 118 Tex. 526, 18 S. W.(2d) 1049.

The same rule obtains when the vendor elects to sue in trespass to try title to recover the property.

In the case of Lewright v. Reese et al. (Tex. Civ. App.) 223 S. W. 270, a case similar in all respects to the instant case, Cobbs, justice, held that, where the vendor holding the superior title files suit to recover title and possession of the premises, the wife was not a necessary party to the suit. The Supreme

Court refused a writ of error, and we think that decision is decisive of the principal issue in this case.

Referring to the remaining assignments and propositions thereunder, suffice it to say that the petition was insufficient as a bill of review to set aside the former judgment. It does not show that the appellants had a meritorious defense in that case, or that they were prevented from presenting their defenses either through fraud, accident, or mistake, or that they tendered the amount of the note in court or in their pleadings. So far as the record shows, they filed no motion for new trial, nor prosecuted any appeal from the former judgment. Failing to show that they had a valid defense which they were prevented, without any negligence on their part, from urging in the first suit, they cannot now reopen the controversy in this action. Long v. Martin, 116 Tex. 135, 287 S. W. 494; Johnson v. Templeton, 60 Tex. 238; Stone Land & Cattle Co. v. Boon, 73 Tex. 548, 11 S. W. 544; Montgomery v. Huff (Tex. Civ. App.) 11 S.W.(2d) 237; Speer's Law of Marital Rights (3d Ed.) 641.

We find no error in the record, and the judgment is affirmed.