Cynthia Jackson et al. v. J. K. P. Bradshaw.

Decided March 13, 1902.

**1.—Homestead—Purchase Money Lien—Foreclosure—Wife as Party.**

Since no homestead right can exist as against unpaid purchase money due for the property, the wife is not a necessary party to an action foreclosing a purchase money lien upon land bought by the husband and used by them as their homestead, and her rights are concluded by the judgment of foreclosure.

**2.—Same—Damages as Community Property—Wife's Right to Sue.**

Damages to the wife and children resulting from their being ousted from land bought by the husband and upon which they were living with him, are community property for which he alone has the right to sue, and an action by them for such damages in which he refuses to join can not be maintained.

Appeal from Gregg. Tried below before Hon. W. J. Graham.

*F. B. Martin,* for appellants.

*Young & Stinchcomb,* for appellee.

GARRETT, Chief Justice.—This is a suit against the appellee brought by Cynthia Jackson, a married woman, with whom were joined the other appellants, who are her children, to recover damages for ousting them from certain premises which they averred were their homestead. The petition alleged that the husband, William Jackson, refused to join his wife in the suit. It appeared from the evidence that pending the marriage of William and Cynthia Jackson the husband bought the land from which it was alleged she and her children had been ousted, and gave a note with vendor's lien for the purchase money thereof; that there had been a foreclosure of the lien in favor of the appellee and others in a suit to which Cynthia Jackson, the wife, was not a party; that the land had been regularly sold by the sheriff under an order of sale issued on the judgment of foreclosure and bought by the appellee, and that the appellants were ousted and the appellee put in possession thereof by virtue of a writ of possession issued in accordance with the judgment and sale. The appellant, Cynthia Jackson, is the wife of William Jackson, and was living with him as such at the time the land was bought and continuously since then up to the time of the trial, and was so living with him when they were both together with their children ousted by the sheriff in obedience to the writ of possession. The family had occupied the land and used it as a home from the date of its purchase in 1883 until the ouster.

No cause of action is disclosed. It was not necessary to make the wife a party to the foreclosure, because whatever homestead interest she had in the land was subject to the vendor's lien, as no homestead right existed aginst the unpaid purchase money. Jackson v. Bradshaw, 57 S. W. Rep., 878; Morris v. Giesecke, 60 Texas, 636; Jergens v. Schiele, 61 Texas, 257; City of San Antonio v. Berry, 92 Texas, 327;

Collins v. Ferguson, 56 S. W. Rep., 225. It also appears from the petition that whatever right the wife might have had for damages would have been community property for which her husband alone had the right to sue. Ezell v. Dodson, 60 Texas, 331; Nickerson v. Nickerson, 65 Texas, 281; Middlebrook v. Zapp, 73 Texas, 29; Speer, Law of Mar. Wom., sec. 287. Hence there was no error in sustaining the demurrer to the petition which called in question the right of the appellant Cynthia Jackson, to maintain the suit. The judgment will be affirmed.

*Affirmed.*