MRS. ALIE MARSHALL ET AL. v. N. T. STUBBS, EXECUTOR

Decided December 11, 1907.

**1.—Executor—Appeal—Bond.**

An executor who, after probate of the will, has qualified, taken possession of the estate and done acts in administration of his trust, may appeal without bond from a judgment of the District Court vacating the probate of the will and his appointment.

**2.—Probate—Appeal to District Court—Parties—Trial.**

On appeal to the District Court from an order admitting a will to probate and issuing letters testamentary, the trial is de novo, and the District Court, on finding that a party necessary to the judgment had not been brought in, should permit necessary parties to be introduced there, and not remand to the County Court to permit them to be made parties.

Appeal from the District Court of Blanco County. Tried below before the Hon. Clarence Martin.

*L. Koeniger* and *Will G. Barber*, for appellant.—As the judgment of the County Court appealed from, annulled the will and its probate, thereby effectually destroying Stubbs' position or status as independent executor, the appeal prosecuted was not by an executor and the ·exemption of art. 2257 does not apply. Cox v. Paschal, 54 S. W. Rep., 774; Guest v. Guest, 48 Texas, 210; Holman v. Klatt, 78 S. W. Rep., 1088; Erlanger v. Danielson (Cal.), 26 Pac., 505; Coutlet v. Atchison, T. & S. F. Ry. (Kan.), 52 Pac., 68; In re Cluff (N. Y.), 11 Civ. Proc. Rep., 338; In re Henriques (N. Mex.), 21 Pac., 80.

If the attempted appeal by Stubbs, without bond, brought the case into the District Court, then it could only proceed to a trial de novo, and could not set aside the orders of the County Court without a trial and remand the cause thereto for further proceedings. R. S., art. 2267; Arredondo v. Arredondo, 25 S. W. Rep., 336; Henry v. Drought, 30 S. W. Rep., 584; Elwell v. Convention, 76 Texas, 515.

The District Court had power to bring in Mrs. Kemp and it should have done so, if she was considered a necessary party. Elwell v. Convention, 76 Texas, 518; Phelps v. Ashton, 30 Texas, 347; R. S., art. 2262.

That the failure to bring in a necessary party defendant will not make the judgment void as between those who are parties to it, see Stark v. Carroll, 66 Texas, 397; Hollis v. Dashiell, 52 Texas, 187; Harris v. Lester, 80 Ill., 317; Downing v. Ford, 9 Dana, 391; Lynch v. Sanders, 9 Dana, 63; Wickliffe v. Dorsey, 1 Dana, 462; Board,

etc., v. Mineral R. R. Co., 24 Wis., 130; Proctor v. Andover, 42 N. H., 348; Dwiggins v. Cook, 71 Ind., 579.

*Cochran & Penn,* for appellee.—The County Court was without jurisdiction to entertain the petition of appellants, because it affirmatively appeared that Mrs. Nan Kemp, the sole beneficiary under the will which was attacked, was not made a party defendant. Revised Statutes, art. 1198; Vance v. Upson, 64 Texas, 270; Sanders v. Kirbie, 94 Texas, 564; Ebell v. Bursinger, 70 Texas, 120; Black on Judgments, vol. 2, sec. 638.

As it was appellee's duty as the executor named in the will of November 19, 1904, to propound the same for probate within thirty days after the death of the testator, and since appellee, in the discharge of this legal duty, did cause this will to be probated, and qualified as executor, it was his duty to defend his possession as against every improper and unauthorized attack made upon him. Revised Statutes, art. 2257; Huddleston v. Kempner, 87 Texas, 373; Erwin v. Erwin, 61 S. W. Rep., 159; Battle v. Howard, 13 Texas, 348; Buttlar v. Davis, 52 Texas, 74; Am. and Eng. Ency. of Law, vol. 11, p. 909.

The lack of jurisdiction in the County Court to entertain the proceeding as filed is apparent on the face of appellants' petition, and since the appellants did not invoke the jurisdiction of the County Court by a proper proceeding, the District Court was without power to aid them by requiring the institution in that court for the first time on appeal, of a proceeding to probate the former will in opposition to the will of which they complained.

FISHER, CHIEF JUSTICE.—The appellants, as the heirs at law of W. A. Kemp, deceased, brought this suit against the appellee, Stubbs, as executor of the last will and testament of W. A. Kemp, to set aside, cancel and annul a judgment and decree of the County Court of Blanco County, rendered and entered on the 2d day of January, 1906, probating the will in question. On the trial of this case in the County Court, judgment was entered in accordance with the prayer of the appellants. From that judgment an appeal was taken to the District Court of Blanco County by N. T. Stubbs, executor, without executing an appeal bond. The appellants in the District Court filed a motion to the effect that the appeal of Stubbs be dismissed on the ground that he had failed to execute an appeal bond. This motion was overruled by the trial court, and thereafter, on the same day, on a written application by appellee Stubbs, the trial judge remanded to the County Court of Blanco County the controversy for further proceedings to be taken in that court in order to make Mrs. Nan A. Kemp, surviving wife of the testator, mentioned in the will as sole legatee, a party to the cause of action by the appellants to set aside and cancel the former decree probating the will.

On this branch of the case the judgment of the court states that "the court is of the opinion that Mrs. Kemp was and is a necessary party as urged in the motion, and that said motion (that is, the motion to remand) should be sustained, and it is ordered, adjudged and decreed by the court that for that reason this cause be remanded

to the County Court of Blanco County, Texas, and that the order of said court made and entered at its July term, 1906, and appealed from by Stubbs, executor, be set aside and held for naught, and that all costs of bringing this case to this court by this proceeding be taxed against the appellants," naming them.

The first question raised in appellant's brief is whether or not the trial court erred in refusing to dismiss the appeal of Stubbs, on the ground that he had not perfected an appeal by executing an appeal bond. It is contended by the appellants that the judgment of the County Court setting aside and vacating the previous order probating the will annulled the power of Stubbs as executor, and destroyed his official status. It appears that the will, several months prior to the time that these appellants brought their suit to set aside the judgment probating it, had been regularly, by proper proceeding in the Probate Court of Blanco County, probated and judgment to that effect entered, and Stubbs, together with the appraisers, had appraised and inventoried the property of the estate. And it appears from the application filed by him in the District Court to remand that he had taken possession of the estate and paid some of the debts provided for in the will, and that there was another debt still due, and that he had, up to the time of the appeal of the case by him from the last judgment rendered in the County Court, exercised all the functions of an executor.

The will by its terms appoints Stubbs executor, and provides that he might act in that capacity without giving bond. It provided for the making and return of an inventory, all of which was done during the time that Stubbs was acting as executor. It affirmatively appears from the recitals contained in the will that there are debts, and Mrs. Nan Kemp, the surviving wife of the testator, is mentioned as sole legatee. There was no attack made upon the original judgment entered by the County Court probating the will on the ground that that judgment was void, but the ground upon which the appellants assailed it was because of a weakened intellect of the testator at the time of the execution of the will, and because its execution had been procured by the undue influence of his wife.

Appellants have cited us to some cases which, it is contended, settle the question that Stubbs, in order to appeal, should have executed a bond, but these decisions are distinguishable from this case on the facts. Stubbs, in entering upon his official duties as executor, occupied a trust relation, not only to the legatee, but to the creditors of the estate, and he rested under the duty of collecting and preserving the property for the purpose of complying with the terms of the will. He had no personal interest in the estate and gained nothing under the will except merely the commissions or fees that might be allowed him by the law. Having possession of the property he was charged with the duty of preserving it, in order to execute the trust, which right had been established by a judgment heretofore lawfully rendered. His relationship that arose from the judgment of probation was merely official, and the subsequent judgment setting aside the former judgment probating the will did not terminate his official duties, so long as he took the proper steps to appeal from that decree. He

rested under the duty, in the interest of those creditors that had been paid and whose claims were recognized, and in the interest of the legatee, to appeal from that judgment, and to protect, if possible, the rights that they had acquired by the former judgment; and in the pursuit of this remedy and for the purpose of accomplishing these objects, we do not see how it can be said that he was merely acting as an individual and not officially. Therefore, we have reached the conclusion that there was no error in the ruling of the trial court refusing to dismiss the appeal on motion of appellants on the ground that Stubbs had not executed an appeal bond.

The next question raised in appellant's brief is to the effect that the trial court had no power to remand the case to the County Court for the purpose of having Mrs. Nan Kemp made a party, or for any other purpose. The trial judge evidently proceeded upon the idea that Mrs. Kemp was a necessary party, and that the judgment rendered by the County Court setting aside the former judgment probating the will, without her being made a party to the proceeding, was a nullity and absolutely void.

Mrs. Kemp may have been a necessary party, but it does not necessarily follow that the judgment rendered against the executor would be void. Stork v. Carroll, 66 Texas, 397; Hollis v. Dashiell, 52 Texas, 187. The law provides that on appeal to the District Court, the trial shall be de novo. There is a similar provision of law with reference to appeals from the Justice Court to the County Court; and in construing the latter statute it has been held that an appeal which has been properly perfected from a judgment of the justice to the County Court, which has not been dismissed for some good reason, does not merely suspend the enforcement of the judgment of the Justice's Court, but that judgment is absolutely destroyed and annulled (Moore v. Jordan, 65 Texas, 395); that the jurisdiction is then vested in the court to which the case is appealed for a trial de novo, just as if it had originated there, subject to certain provisions of the statute regulating the question of pleading and the introduction of additional causes of action.

The same rules would apply to an appeal from the County Court to the District Court, and the latter court would have no more authority to remand a case to the County Court for a new trial than would the County Court have power to remand to the Justice's Court for a new trial. And we are of the opinion in this instance the District Court should have retained jurisdiction and proceeded to try the case de novo. It was in the power of that court to require the sole legatee, Mrs. Kemp, to be made a party before proceeding to trial (Stork v. Carroll, supra), and we are inclined to agree with the court that she was a necessary party in the sense that she should have been joined in order to make the judgment complete and binding upon all parties in interest, and in order to bring about a final determination of the controversy. Rhomberg v. State, 69 Texas, 220. And it may be conceded that the judgment of the trial court was indeterminate and irregular in this respect. But it by no means follows that even if this could be conceded to be true,

that the judgment as to Stubbs would be void, nor can it be conceded that the mere fact that Mrs. Kemp does not appear to be a party on the record renders inconclusive the judgment of the County Court setting aside the probation of the will.

It may be true that she has estopped herself to question the validity of that judgment by reason of the fact it might be made to appear that her interest was there represented by attorneys employed in her defense. One may become bound by a judgment, although not formally a party to the controversy. This is illustrated in the cases of Powell v. Hickman, 6 Texas Civ. App., 304; Bomar v. Building Ass'n, 20 Texas Civ. App., 605; Cleveland v. Heidenheimer, 44 S. W. Rep., 551; Bomar v. Green, 6 Texas Civ. App., 99; 2 Black Judgments, secs. 534, 539, 545 and 549. But, however, it may be possible that these decisions would have no application to the facts of this case, and it may be that if it should be established that Mrs. Kemp was represented at the trial in the County Court that the judgment there would not conclude her, for, as stated before, a perfected appeal from that judgment, unless it could be shown in this case that she was a party to the appeal, renders that judgment inoperative; and it is doubtful, if such is its condition, whether it could support any right by estoppel or otherwise.

These are just merely suggestions, because there is nothing appearing upon the face of the record showing what, if any, may have been the connection of Mrs. Kemp with the judgment of the County Court, or the appeal perfected by Stubbs; and upon this branch of the case we are clearly of the opinion that the District Court has the power, when a case is appealed to that court, to have new parties made, and may decline to proceed to the trial unless they are properly made parties, or unless he could reach the conclusion that such absent parties were concluded by the judgment rendered in the County Court, and were parties to the appeal.

For the error of the trial court in remanding the case and not retaining jurisdiction for trial de novo, the judgment is reversed and the cause remanded.

*Reversed and remanded.*