### THOMASON v. MASON.

(Court of Civil Appeals of Texas. Amarillo. Nov. 18, 1911. Rehearing Denied Dec. 23, 1911.) [1]

1. APPEAL AND ERROR (§ 1071*) — HARMLESS ERROR—ERRONEOUS FINDINGS.

Where the facts on material issues are supported by the evidence and support the conclusions of law, that findings on immaterial issues are not supported by the evidence is immaterial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4234–4239; Dec. Dig. § 1071.*]

2. NEW TRIAL (§ 103*) — NEWLY DISCOVERED EVIDENCE—MATERIALITY.

Where, in an action for assault, plaintiff testified to a state of facts justifying a recovery, if true, and a niece of defendant testified to a state of facts showing no cause of action, and the two were the only witnesses, newly discovered evidence in support of the niece was material, justifying a new trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 215–217; Dec. Dig. § 103.*]

3. APPEAL AND ERROR (§ 528*) — QUESTIONS REVIEWABLE — RULINGS ON MOTION FOR NEW TRIAL ON THE GROUND OF NEWLY DISCOVERED EVIDENCE—RECORD.

Where the newly discovered evidence, on which a motion for new trial was based, was presented as part of the motion, and the record showed that the motion was overruled, and that the movant excepted, the newly discovered evidence was properly before the court on appeal, under district and county courts rule 53, without a statement of facts or bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent.Dig. §§ 2384–2388; Dec.Dig. § 528.*]

Appeal from Haskell County Court; Joe Irby, Judge.

Action by A. B. Mason against Y. L. Thomason. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

H. G. McConnell and Gordon B. McGuire, for appellant. Helton & Murchison, for appellee.

GRAHAM, C. J. This is an appeal from a judgment rendered by the court, without the intervention of a jury, in the county court of Haskell county, on October 12, 1910, for the sum of $200, in favor of A. B. Mason and against Y. L. Thomason, as compensation for physical pain and mental anguish, alleged to have resulted from an alleged unlawful assault committed by Thomason on Mason, in the town of Haskell, on August 25, 1910.

Both actual and exemplary damages were sought under the allegations in the petition, though the judgment was for actual damages alone; the court holding appellee had no right to recover for exemplary damages.

The answer did not deny that force was used by appellant on appellee on the occasion in question, but specific denial was made of any intent to injure, coupled with the further allegation that appellant was acting in the lawful defense of his person and premises at the time of using said force, further alleging the facts on which said contention was based.

On October 22, 1910, appellant filed in the court below his amended motion for a new trial, duly verified by affidavit of himself.

[1] Filed in the Court of Civil Appeals at Ft. Worth February 6, 1911, and transferred to this court July 1, 1911, by order of the Supreme Court.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

and based, among other things, on newly discovered evidence, in which motion a reasonable excuse for not having produced said evidence on the trial and the materiality thereof are shown, and the affidavit of the absent witness was attached to and made a part of said motion. On October 27, 1910, the court below overruled said motion for a new trial, to which ruling appellant duly excepted and gave notice of an appeal.

[1] Appellant urges in this court many assignments of error, based on the findings of fact and conclusions of law filed by the trial court, and while it is made to appear that in some instances the trial court found facts, not supported by the statement of facts, which is also on file in this court, the record shows that in each of said instances such finding is on an immaterial. issue, and that the findings found, and which are supported by the evidence found in the record, are sufficient to support the conclusions of law reached by the trial court; and, as we think the conclusions of law announced by the trial court sound (there being none on the motion for a new trial), we overrule all of the assignments of error, based on the findings of fact and conclusions of law filed by the trial court, as well as appellants' sixteenth assignment, under which the sufficiency of the evidence and the findings of fact to support the judgment is challenged, and his seventeenth assignment, under which it is claimed that the judgment is excessive in amount.

Appellant's eighteenth assignment of error is as follows: "The court erred in not granting paragraph No. 4 of defendant's first amended motion for a new trial in this cause, wherein he sets up as grounds for a new trial newly discovered evidence, supported by the evidence of defendant and J. W. Gettys; said evidence supporting said motion, and the ground of said motion being fully set out in said paragraph, and here referred to and made a part of this assignment."

[2] As shown by the record in this cause, the pivotal questions controlling the rights of the parties in this suit were whether appellant was guilty of an assault, or whether he acted in the lawful defense of his person or premises, and, if acting in the lawful defense of his person or premises, whether or not he used more force or violence than he was warranted in believing and did believe reasonably necessary to accomplish that result. Appellant did not testify on the trial below, and the record does not show that he was personally present; and it does show that the only witnesses who testified on the above-mentioned material issue were the appellee, who testified to a state of facts which, if true, entitled him to recover, and a niece of appellant, 11 years of age, who testified to a state of facts which, if true,

shows a want of legal right to recover by appellee. The newly discovered evidence set out by affidavit of the witness, and which is attached to the motion for a new trial, if true, is to the same legal effect as that of appellant's niece. It is thus made clearly to appear that the absent testimony was material.

[3] Appellee contends that, as this newly discovered evidence is not brought before this court in a statement of facts or bill of exception, we are without authority to consider it; but, as this evidence was presented to the trial court as a part of the motion for a new trial, and the record shows said motion was overruled, and that appellant duly excepted to said ruling, we think it properly before us for consideration, under rule 53, governing district and county courts of this state.

Because the trial court erred in overruling that portion of appellant's motion for a new trial. based on the newly discovered evidence, the judgment will be reversed and the cause remanded, and it is so ordered.