## EVANS v. MARLOW et al.

(Court of Civil Appeals of Texas. Ft. Worth.
May 25, 1912.)

1. HOMESTEAD (§ 96*)—LIENS ENFORCEABLE
AGAINST.

The homestead claim is inferior to a ven-
dor's rights to the unpaid purchase money.

[Ed. Note.—For other cases, see Homestead,
Cent. Dig. §§ 147–153; Dec. Dig. § 96.*]

2. HOMESTEAD (§ 110*)—CONVEYANCE—POW-
ER OF HUSBAND.

Where a homestead is subject to a ven-
dor's lien, the husband may, in good faith, re-
convey it in satisfaction of the incumbrance,
and such reconveyance will be binding on his
wife, though her separate property paid part of
the purchase price.

[Ed. Note.—For other cases, see Homestead,
Cent. Dig. § 176; Dec. Dig. § 110.*]

3. EJECTMENT (§ 45*) — PARTIES—NECESSARY
PARTIES.

In ejectment against a husband, who with
his family occupied lands, it is not necessary
to make the wife a party defendant, in order to
expel her under a judgment of ouster against
the husband.

[Ed. Note.—For other cases, see Ejectment,
Cent. Dig. §§ 132, 138, 139; Dec. Dig. § 45.*]

Appeal from District Court, Wichita Coun-
ty; P. A. Martin, Judge.

Action by Mattie E. Evans against J. B.
Marlow and others. From a judgment for
defendants, plaintiff appeals. Affirmed.

J. M. Blankenship and Geo. A. Smoot, both
of Wichita Falls, for appellant. R. E. Huff,
of Wichita Falls, for appellees.

SPEER, J. This is an action for damages
brought by Mattie E. Evans against J. B.
Marlow and J. W. Walkup, the latter being
sheriff of Wichita county, to recover for a
wrongful ejectment from lot 5, in block 119,
in the city of Wichita Falls, under a writ
of sequestration sued out by J. B. Marlow
against plaintiff's husband, N. B. Evans.
After hearing the evidence, the trial court
instructed a verdict against the plaintiff,
and she has appealed.

The facts, briefly stated, are that appellee
Marlow had sold the house and lot in ques-
tion to one W. W. Jackson, retaining the
vendor's lien to secure the payment of cer-
tain notes amounting to $650. Jackson had
sold the same property to N. B. Evans and
had taken his notes for $800. Evans was
unable to pay the notes which Jackson had
given to Marlow, and was also unable to
pay the notes which he had given to Jack-
son. He thereupon entered into a contract
with Marlow, by the terms of which he ac-
knowledged tenancy and agreed to surrender
possession thereof to Marlow at the end of
30 days in satisfaction of all of said notes.
Evans refused to surrender such possession,
and Marlow then brought suit against Jack-
son and Evans and sought and obtained a
writ of sequestration, by virtue of which Ev-
ans and his wife, this appellant, were ousted
from possession of the property. Mrs. Ev-
ans was not made formally a party to that
suit; nor did she sign the agreement by
which her husband agreed to surrender pos-
session of the property. She pleaded in this
suit, and the evidence tended to support
the allegation, that her separate property
entered into the purchase from Jackson, and
the property constituted her homestead. The
sole question thus presented, of course, is
whether or not these facts entitled appellant
to a submission of the case to a jury. We
think they did not.

[1, 2] It is well settled that the homestead
claim is inferior to the vendor's rights to the
unpaid purchase money, and that in such a
case the husband may, when his act is done
in good faith, reconvey the property in sat-
isfaction of the incumbrance, and that such
reconveyance will be binding upon the wife.
Burford v. Rosenfield, 37 Tex. 42; Speer on
Law of Married Women, § 265.

[3] Nor was it necessary, in order to jus-
tify the ouster of plaintiff, that she should
have been made to a party to the foreclosure
suit by Marlow. Her possession was her
husband's possession, and was held under
him, and the writ against him therefore jus-
tified her expulsion from the premises. As
said in an ejectment case by the California
Supreme Court (Huerstal v. Muir, 64 Cal.
450, 2 Pac. 33): "Being in possession at the
commencement of the action as the wife of
the defendant, the presumption is, in the ab-
sence of proof of a separate property in her,
that she was in possession under her hus-
band; and, being in under him, she must go
out with him. The plaintiff cannot enforce
his judgment otherwise than against the de-
fendant and his family in possession." Of
course, the fact that her separate property
entered into the purchase from Jackson could
in no manner defeat the prior right of appel-
lee to his suit and writ against her husband.
It follows from these conclusions that the
court was right, on the undisputed facts, in
instructing a verdict as he did.

Judgment affirmed.