UNION PAC. RY. CO. v. MILLER et al.
(No. 1096.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 17, 1917. On Motion for Rehearing, Feb. 21, 1917.)

1. JUDGMENT ⊜⇒447(1)—EQUITABLE RELIEF—VACATION—MERITORIOUS DEFENSE.

Where the invalidity of a judgment does not appear on the face of the record, but can be shown only by extrinsic evidence, one seeking to enjoin the judgment must show a meritorious defense to the original cause of action before relief can be granted.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 849.]

On Motion for Rehearing.

2. APPEAL AND ERROR ⊜⇒832(4)—REHEARING—GROUNDS FOR.

In a suit by appellant railroad company to enjoin a judgment rendered against it in the state court, the contention that it was a foreign corporation not doing business in the state, and so was not suable, cannot for the first time be raised on motion for rehearing, not being presented by the pleadings or urged below.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3221.]

Appeal from Donley County Court; J. C. Killough, Judge.

Action by the Union Pacific Railway Company against William Miller and others. From a judgment for defendants, plaintiff appeals. Affirmed.

N. H. Loomis, of Omaha, Neb., and H. B. White, of Clarendon, for appellant. W. T. Link, of Clarendon, for appellees.

BOYCE, J. The appellees, William Miller, John Clymer, and W. T. Link, as plaintiffs in a suit filed by them against the appellant, Union Pacific Railway Company, a foreign corporation, recovered in the county court of Donley county, Tex., on the 5th day of February, 1913, a judgment by default against said railway company. The citation in that case appeared to be regular, and the return showed regular service on the railway company by service on T. J. Anderson, local agent. The judgment re-

cited that said defendant had been "duly cited to appear according to law," etc. This suit was brought by the appellant railway company in the county court of Donley county to enjoin execution of the above-described judgment, appellant alleging that no citation was served upon it in said cause; that it had no notice of the filing of said suit, and that the said T. J. Anderson, upon whom the citation in the case was served, was not its agent; that it had a meritorious defense to said original suit; and such other facts as were necessary to entitle it to relief against the execution of said judgment.

Upon the trial of the case no testimony was offered as to any defense the appellant might have had to the original suit, and the trial court, for this reason as well as others not necessary to here state, entered judgment against the appellant dissolving the temporary injunction theretofore granted, and denying relief against the execution of said judgment, and this appeal is from this judgment of the court.

[1] Some confusion at one time existed in the decisions of this state as to whether or not in this character of case it would be necessary for one seeking to enjoin a judgment alleged to be void, to allege and prove that he had a meritorious defense to the original cause of action on which the judgment was rendered. Out of this confusion a rule of decision, based on a distinction between judgments where the invalidity appears from the face of the record and those where the invalidity is only made to appear by extrinsic evidence, has been evolved, which, it is claimed, will reconcile the apparent conflict. Whether this distinction may with good reason be applied to this class of cases or not, it seems to have obtained recognition by the Supreme Court, and the rule based on this distinction seems to be now well settled. August Kern Barber Supply Co. v. Freeze, 96 Tex. 513, 74 S. W. 303; Chambers v. Gallup, 30 Tex. Civ. App. 424, 70 S. W. 1009 (in which writ of error was denied by the Supreme Court); Collin County Bank v. McCall Hardware Co., 161 S. W. 950; Foust v. Warren, 72 S. W. 404; Western Lumber Company v. C., R. I. & G. Ry. Co., 180 S. W. 644; San Bernardo Town-Site Co. v. Hocker, 176 S. W. 644. The rule announced by these decisions may be stated thus: Where an injunction is sought against the execution of a judgment alleged to be void, it is not necessary to show a meritorious defense to the original cause of action in those cases where the invalidity of the judgment appears upon the face of the record; but, if extrinsic evidence is necessary to establish such invalidity, then it will be necessary for the plaintiff seeking the injunction to show a meritorious defense.

The application of this rule to the facts of

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

this case, as above stated, is decisive of the case against appellant. It will not be necessary to consider other questions presented, and the case will be affirmed.

## On Motion for Rehearing.

[2] Appellant, in its motion for rehearing, urges for the first time in this case that the judgment rendered against it in the original suit was void because it was not suable in Texas, being a foreign corporation, "not doing business in Texas." We have not thought it necessary to examine the record to ascertain whether the statement made by appellant, in its motion for rehearing, that the undisputed evidence shows that at the time of the institution of the original suit the appellant was not doing business in Texas, is correct. Such fact does not appear from the record in the original case. It is not alleged in the petition for injunction; the basis on which the injunction was sought being the fact that the party on whom citation was served was not the agent of the appellant. So that such matter was not in issue under the pleading in this case, being suggested for the first time in the motion for rehearing, and we are not authorized to consider it.

The motion is overruled.