FIRST NAT. BANK OF BIG SPRINGS v. HARTZOG.　(No. 5794.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 7, 1917.)

1. PLEADING ⬤⟿8(6)—CONCLUSION—DEFENSE TO ACTION.

Petition to set aside judgment on a note pleaded a conclusion in pleading that plaintiff "has a good and legal defense."

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 17.]

2. JUDGMENT ⬤⟿460(1)—SUIT TO SET ASIDE— PLEADING.

A petition to set aside judgment on a note failed to allege that the note was not valid, executed for valuable consideration, that the consideration had failed in whole or in part, that plaintiff had any offset, or had paid anything, or what his defense was, except that the conclusion that plaintiff had good and legal defense was pleaded.　The petition failed to show that the judgment was obtained by fraud, accident, or mistake, but disclosed that plaintiff made an offer to settle the claim on the note by giving another note, failed to do so, and left the place where court was being held without arranging the matter.　There was no allegation that defendant or its attorneys agreed to continue the case if the note was not given, or agreed to notify plaintiff or his attorney before judgment was taken.　Held, that the petition failed to state a cause of action, and was demurrable, since it showed neglect of his affairs by plaintiff and failed to show any fraud by defendant.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 879, 886.]

3. JUDGMENT ⬤⟿447(1)—VACATION FOR ACCIDENT, FRAUD, OR MISTAKE.

A court of equity will not set aside a judgment obtained through accident, fraud, or mistake, unless defendant in the judgment has a meritorious defense to the action, which must be fully set forth and clearly proved.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 849.]

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Calhoun County; W. W. McCrory, Judge.

Action by J. O. Hartzog against the First National Bank of Big Springs. From a judgment for plaintiff, defendant appeals. Judgment reversed, and cause dismissed.

Wilson & Hamilton, of Port Lavaca, for appellant.

FLY, C. J. This is an action instituted by appellee to have a judgment set aside at a term following that at which it was rendered against him. The court set aside the judgment.

The petition shows that the original suit was instituted on a promissory note executed by him and J. O. Setzer, and it is not alleged that the note was not a valid one, executed for a valuable consideration, nor that the consideration had failed in whole or in part, nor that appellee had any offset to the same, or had paid anything on it, or what his defense was to the note.

[1] There is nothing pleaded as to the defense, except the conclusion that "he has a good and legal defense." Not only this, but the petition discloses that appellee was probably seeking for delay alone, for he proposed to appellant, before the original judgment was rendered, that he would give another note for, not only all the principal and interest, but also all the expenses connected with the attempt to collect the original note. The petition also fails to show that the judgment was obtained by fraud, accident, or mistake, but discloses that appellee made the offer to settle appellant's claim by note, and failed to give said note, and left the place where the court was being held without arranging the matter. There is no allegation that appellant or its attorneys agreed to continue the case if the note was not given by appellee, or that they agreed to notify appellee or his attorney before judgment was taken. The allegations show that the judgment was rendered on the last day of the term. The allegations of the petition show neglect of his affairs by appellee, and fail to show any fraud upon the part of appellant.

[2] The petition fails to state a cause of action, and the general demurrer should have been sustained. Ratto v. Levy, 63 Tex. 278; Robbie v. Upson (Tex. Civ. App.) 153 S. W. 406; Guerra v. Guerra (Tex. Civ. App.) 158 S. W. 191; Rogers v. Dickson (Tex. Civ. App.) 176 S. W. 865.

[3] It would seem from the evidence that appellee, not only in the preparation of his pleadings, but in the presentation of his facts, did not deem it essential or important to show the grounds of his defense to the note, for there is no testimony whatever showing any kind of defense. A court of equity will not set aside a judgment obtained through accident, fraud, or mistake, unless the defendant in the judgment has a meritorious defense to the action, and that defense must be fully set forth and clearly proved. Pomeroy, Eq. Jur. §§ 836–871. As said by the Supreme Court in Harn v. Phelps, 65 Tex. 592:

"To entitle the appellants to the relief now sought it is necessary that they should show that they were prevented from urging, against the judgment of which they complain, objections which would, or ought to, have prevented its rendition, and that this prevention resulted from fraud, accident or the act of the adverse party, without fault or negligence on their part."

The judgment is reversed, and the cause dismissed.