BAKER v. MEMPHIS, D. & G. RY. CO.
(No. 1977.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 7, 1918. Rehearing Denied Nov. 14, 1918.)

1. CARRIERS ⬤➡219(5) — CONNECTING CARRIERS—INTERSTATE SHIPMENTS.

Under U. S. Comp. St. 1916, § 8604a, an initial carrier in the case of an interstate shipment is liable for injuries to the shipment caused either by it or by connecting carriers.

2. JUDGMENT ⬤➡415—RESTRAINING ENFORCEMENT—GROUNDS.

To restrain enforcement of a default judgment, it must appear that the judgment was void on the face of the record or that the defendant was not served and had a meritorious defense which it failed to present without fault.

3. JUSTICES OF THE PEACE ⬤➡128(1) — RESTRAINING ENFORCEMENT OF JUDGMENT — GROUNDS.

Where a judgment in justice court recited that the defendant was duly and legally cited, and it did not appear from any other portion of the record that the recital was untrue, the enforcement of the judgment cannot be restrained unless defendant shows a meritorious defense.

Appeal from District Court, Cass County; H. F. O'Neal, Judge.

Suit by the Memphis, Dallas & Gulf Railway Company against J. S. Baker. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

Claiming that certain cattle delivered by him to appellee, the Memphis, Dallas & Gulf Railway Company, at a point in Arkansas, to be transported by it over its own and connecting lines of railway to a point in Texas, were injured en route, appellant sued said appellee in a justice court in Cass county and recovered judgment by default against it for $130.31 and costs. Having afterwards had a writ of garnishment issued on that judgment, appellant had same served on the Texarkana & Ft. Smith Railway Company. That company having answered that it was indebted to said appellee in the sum of $283.08, judgment was rendered against it in said justice court in appellant's favor for the amount of his judgment against said appellee. This suit was then commenced by said appellee by a petition in which it prayed: (1) That appellant be restrained from enforcing the judgment he had obtained against it and the judgment he had obtained against the Texarkana & Ft. Smith Railway Company; (2) that said railway company be restrained from paying said judgment against it; and (3) "that said judgments in said justice court be set aside and be declared null and void." The trial was to the court without a jury. The appeal is from a judgment granting said appellee the relief it prayed for.

Hugh Carney, of Atlanta, for appellant. C. A. Wheeler and Mahaffey, Keeney & Dalby, all of Texarkana, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] It appeared without dispute that the cattle were received by appellee, the Memphis, Dallas & Gulf Railway Company, at a point on its line of railway in the state of Arkansas, for transportation over its own and connecting lines of railway to a point in the state of Texas. It must be said that it therefore appeared prima facie that said appellee, as the initial carrier, was liable to appellant, by force of the federal statute (article 8604a, U. S. Comp. Stat. 1916), for any injury to said cattle caused either by it or by any other common carrier over whose

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

line or lines same were then being transported to said point in Texas.

[2] So much appearing, said appellee should have been denied the relief it prayed for, unless it further appeared either that the judgment of the Cass county justice court against it (1) was void "on the face of the record" of the suit in which it was rendered, or (2) was without service of process on said appellee, which resulted in its failure, without fault on its part, to present a defense it had to the recovery sought by appellant against it. We say this because the law is that, if the judgment did not appear from the face of the record to be void, said appellee was not entitled to relief against it without showing that it had a meritorious defense against appellant's suit. San Bernardo Town-Site Co. v. Hocker, 176 S. W. 644; Railway Co. v. Miller, 192 S. W. 358; Walker v. Chatterton, 192 S. W. 1084; Railway Co. v. Hoffman, 193 S. W. 1140; Foust v. Warren, 72 S. W. 404.

[3] It appeared from a recital in the judgment that said appellee was "duly and legally cited as the law directs," and it did not appear from any of other portions of the record offered in evidence that the recital was not true. Hence it must be said it did not appear "from the face of the record" that the judgment was void because rendered without service of process on said appellee. It follows that the judgment appealed from is wrong unless it appeared that said appellee had a defense against the recovery appellant obtained against it in said justice court. It is clear that it did not so appear. It seems, indeed, that said appellee made no effort to prove that appellant's cattle were not injured as he claimed they were, or, if they were so injured, that the amount of the damages appellant was entitled to recover was less than the amount he did recover.

In this attitude of the case as shown by the record, we think the judgment should have been in favor of appellant. Therefore it will be reversed, and judgment will be here rendered denying said appellee the relief it sought.