**LEWRIGHT v. REESE et al.   (No. 6412.)**

(Court of Civil Appeals of Texas. San Antonio. June 2, 1920. On Motion for Rehearing, June 23, 1920.)

1. **Husband and wife** ⊜⇒270(5)—**Wife not necessary party to recovery by vendor of land sold to community.**

In a suit by the vendor to recover under his reserved title land sold to the community of a husband and wife, the wife is not a necessary party.

2. **Judgment** ⊜⇒405—**Husband who promised officer to deliver citation to wife has no equity against judgment for failure to serve wife.**

In a suit against a husband and wife where the husband when served told the officer he would deliver the citation to his wife, the husband has no equity to attack the judgment for failure to serve wife occasioned by his neglect to deliver the citation as he promised.

3. **Judgment** ⊜⇒28—**Divisible judgment, after service on husband, valid against him as to recovery of community land.**

Where, in an action against husband and wife to recover land sold to the community, the judgment for the recovery of the land was divisible, it is valid against the husband for possession of the land notwithstanding the failure to serve the wife, even though it also taxed the cost against the wife as well as the husband.

4. **Judgment** ⊜⇒447(2)—**Possibility of sale for more than vendor's lien not meritorious defense against recovery of land.**

A petition to set aside a judgment for recovery of land by vendor under his reserved title, which alleged that a purchaser could sell the property for more than the vendor's lien, but stated no defense against liability on the note, presented no meritorious defense to the judgment for recovery of the land.

5. **Vendor and purchaser** ⊜⇒299(1)—**Recovery of land instead of foreclosure of lien held not inequitable.**

Where the vendor of land had granted extensions of the lien not without payment of interest and permitted the purchasers to remain in possession for 15 years without any return, it was not inequitable, in suit in trespass to try title or in the alternative to foreclose the lien, to render judgment for return of the land, where the purchaser had not been able to secure any offer to purchase or loan on the land until after judgment was rendered.

6. **Trespass to try title** ⊜⇒48—**Defendant's equities should be asserted in action and not by suit to restrain writ of possession.**

Such equities as defendant in trespass to try title may have should be asserted in such action and not by suit to restrain execution of a writ of possession issued on the judgment.

7. **Vendor and purchaser** ⊜⇒280(3)—**Vendor may recover on reserve title unless purchaser asserted equities.**

The vendor of land may recover the land on his reserved legal title, notwithstanding the payments and improvements by the purchasers, unless the purchasers assert their equities.

8. **Venue** ⊜⇒17—**Requirement for suit in county where land is may be waived.**

The fact that the land was situated in a county other than that in which the suit to recover possession was brought presents merely a question of venue that can be waived, and, in absence of a plea presenting that issue, the court can render judgment for recovery of the land.

9. **Judgment** ⊜⇒459—**Denial of motion to dissolve temporary injunction against enforcement of judgment held error.**

In a suit to restrain enforcement of a judgment where there was no allegation that petitioner did not learn of the judgment against him until after the term at which it was rendered and the evidence showed that defendant did have such knowledge and did not show that the judgment was procured through the fraud of the plaintiffs unmixed with the fraud of defendant, it was error to deny a motion to dissolve a temporary injunction.

On Motion for Rehearing.

10. **Appeal and error** ⊜⇒1194(2)—**Reversal of order denying motion to dissolve temporary injunction against restoration of possession does not defeat trial on merits in lower court.**

A judgment of the appellate court granting the motion, erroneously denied by the court below, to dissolve a temporary injunction against enforcing a judgment for possession of land, does not prevent a trial on the merits of the suit to set aside the judgment any more than would a similar judgment of the court below.

Appeal from District Court, Bexar County; J. T. Sluder, Judge.

Suit by T. A. Reese and another against J. M. Lewright to restrain the execution of a writ of possession. From an order refusing to dissolve a temporary injunction and making the injunction final until the final trial, defendant appeals. Reversed, and judgment rendered dissolving the injunction.

J. B. & W. M. Lewright, of San Antonio, for appellant.

Brownlee & Goldsmith, of Austin, and Claude J. Carter, of San Antonio, for appellees.

COBBS, J. This is an appeal from an order made by Hon. J. T. Sluder, judge of the Seventy-Third district court, refusing to dissolve a temporary injunction and rendering a final decree therein, to be in force until final trial.

The petition for injunction was filed by appellees on the 18th of February, 1920, seeking to enjoin and restrain the sheriff of Travis county from executing a writ of possession upon the alleged community property of appellees, being property purchased from Rob Roy, on the 11th day of December, 1906, for

which they then delivered their note to him for the purchase money, in the sum of $2,-050; an express vendor's lien being retained in the deed to secure its payment. That said note and the legal title to said land securing it was for a valuable consideration transferred to and assigned to J. M. Lewright. On September 26, 1910, by an agreement between appellant and appellees, in writing, an extension was made, and a renewal note was executed and delivered for $2,-542.55, extending its payment to September 26, 1916, in lieu of the original note, thereby extended and continued in full force and effect with the existing vendor's lien securing same, said note embracing the interest and principal of the original note. As an additional security, a deed of trust with power of sale was executed on the land. Again, said note and deed of trust was, on the 1st day of October, 1917, further extended in writing to the 1st day of June, 1918, until paid at the rate of 8 per cent. interest per annum.

That on the 31st of December, 1918, J. M. Lewright filed a suit in the Seventy-Third district court of Bexar county, Tex., against appellees. Only T. A. Reese was personally served with citation.

That suit was brought in trespass to try title on the legal title or in the alternative to foreclose the liens and have the land sold in satisfaction of the debt.

It is alleged that Sarah D. Reese has not been served with any citation in this case, and no appearance ever made for her and has never waived any of her rights in the premises. It is also alleged in general terms she has a meritorious defense to the cause of action, she being a joint obligor.

Appellant on the 25th of February, 1920, filed a very full and complete answer and denial to appellees' pleading, denied any fraud in procuring his said judgment, and that the return on the citation showed that both appellees had been regularly and legally served, and on her, at her home in Travis county on the 4th day of January, 1919, and the judgment was taken on apparently legal service executed on both appellees. The judgment for the recovery of the land was taken on the 8th day of February, 1919, and not until the 1st day of April, 1919, did appellant procure a writ of possession and place it in the hands of the sheriff of Travis county for execution, all of which was well known to appellee T. A. Reese. He also prays for damages against appellee and the sureties on the bond. Appellant also filed and urged his motion to dissolve which is in line with his answer.

Appellees filed a trial amendment and al leged that they had a meritorious defense, in that if the judgment be set aside a different result would be reached, as then they would pay off the notes redeeming the premises, thereby claiming they would have an equity of $25,000 in said land, as they would compel a foreclosure of the lien and sale of the land thereunder instead of a recovery of the land without foreclosure on the legal title; that they were not negligent in permitting the judgment to go against them and in not sooner filing this suit because he was led to believe up to as late as April 15, 1919, appellant would take the money and not enforce the judgment appellees then having negotiated a trade of the property whereby he expected to secure money sufficient to pay off said obligation. They also tendered in court on the hearing to dissolve the injunction $10,000 to pay off said obligation, interest, costs, and attorney's fees. They pray for a new trial and an order of the court requiring appellant to accept said money in full satisfaction of the debt and to vacate the original judgment against them for costs of suit, etc.

The court, after fully hearing the testimony of witnesses on the facts, went no further than to deny the motion to dissolve the injunction and continue it in force and effect until final trial of the cause.

[1] The pleading of appellees shows on its face that the property in controversy was community property and, not the separate property of the married woman. In such a suit, by the vendor holding the superior title, it is not necessary to make the wife a party to the suit to secure a valid judgment for the recovery of the land. Jackson v. Bradshaw, 28 Tex. Civ. App. 394, 67 S. W. 438; Childress v. Robinson, 161 S. W. 78, 82; and Gabb v. Boston (Sup.) 193 S. W. 137; Evans v. Marlow, 149 S. W. 347; Breath v. Flowers, 43 Tex. Civ. App. 516, 95 S. W. 26.

[2] The record shows that T. A. Reese, the husband, was duly served and took from the sheriff the other citation for his 'wife, Mrs. Sarah D. Reese, promising to deliver it to her. Appellee testified that when he reached home he told his wife that appellant had brought the suit and that appellant had a paper for her, but that he never showed her the citation.

[3] It comes in very poor grace, so far as appellee is concerned, seeking to enjoin the execution of this judgment upon any equities, imaginary or real, on the ground his wife had not been served after his promise to the officer. If his wife did not in fact know of the status of affairs, he is to blame, and he will not be heard to say that he had equities or a meritorious defense on that ground. But for him, his wife would have been personally served. It would be hard to believe that he did not tell his wife all about it. The matter was of too great importance, especially as he claims they were contemplating a trade of the land to secure enough money to pay the debt. She was on the witness stand, though she stated a fact not seemingly disputed by any one, that she was

"not served with any citation of any kind" by an officer. She did not say that her husband did not explain and tell her all about it. However, the judgment is divisible, and, in so far as it was against the husband upon admitted valid pleading and personal service, binds both husband and wife so far as service is concerned and in so far as it relates to the recovery of the land. Hollis v. Dashiell, 52 Tex. 187; Marshall v. Stubbs, 48 Tex. Civ. App. 161, 106 S. W. 435; Twichell v. Askew, 141 S. W. 1075. It is immaterial that she was taxed with any part of the costs in this controversy. There is no effort made to collect it from her. It is an obligation against her husband.

[4] In so far as this is a suit to vacate a judgment and prevent its enforcement by injunction or by a mere application to grant a new trial, it is lacking in any statement of facts tending to show any meritorious defense. No defense whatever is stated that could be made available against the recovery of the note. No payment made not accounted for. No denial of the debt. No interest paid thereon since 1913. Appellees have occupied the premises since then to now, paying neither interest nor rent. There is no fact stated showing a meritorious defense or any valid reason to set aside the judgment or grant a new trial. Blackwell Co. v. Perry, 174 S. W. 935; Railway Co. v. Miller, 192 S. W. 358; Railway Co. v. Hoffman, 193 S. W. 1140; Godshalk v. Martin, 200 S. W. 535; and Baker v. Railway Co., 208 S. W. 182; also, Bank v. Hartzog, 192 S. W. 363; Lumber Co. v. Ry. Co., 180 S. W. 644.

[5, 6] It was also shown by Mr. Reese himself that he had never secured from any one an offer to loan him money on the land sufficient to retire this debt until after the judgment was procured, when he made a tentative agreement to sell the land and thereby secure the needed money.

Appellant has shown himself most indulgent in this case. It cannot be said, after all those years of indulgence by appellant, and after his patience was exhausted, and interest not kept up, that it was inequitable to assert his legal right to sue and recover the land. Such equities as appellees had should have been timely asserted in the original suit and not here.

[7] It has been repeatedly held that, when the vendor reserves the express vendor's lien or superior legal title in the deed as security, he possesses the legal title upon which he may sue for the land direct, though the vendee may have made large payments and permanent improvements. Moore v. Giesecke, 76 Tex. 543, 13 S. W. 290; Perez v. Maverick, 202 S. W. 202; Banks v. McQuatters, 57 S. W. 334; Bush v. Merrill (Com. App.) 206 S. W. 838; and 13 Corpus Juris, pp. 612 and 614. In such a suit, it devolves on the de-

fendant to set up his equities by affirmative pleading. What real equities had appellee then against said note? He is shown to have been properly served and had his day in court. The husband did nothing toward defending the suit, after service on him, and but for him the deputy sheriff would have also served his wife too; but he relied on the husband and hence made a false return. However, she would not have been in any better legal position by service on her of the citation than she was when told of the suit by her husband, for she was not a necessary party to the suit. They had no money to pay those notes and discharge the lien on the land.. That is what equity would demand— the payment of the obligation. She was not deprived of any opportunity to pay off the notes.

[8] There is nothing in the contention that the Seventy-Third district court had no jurisdiction to hear the case. In respect to the land being situated in Travis county and suit filed in Bexar, it involved simply a question of venue that could be waived, and, in the absence of a plea presenting that issue, the court had the right to proceed with the case and enter a valid judgment.

[9] The petition does not show the date when appellees had notice of the rendition of the judgment, and at that time they were denied any equities they had or that they had the means at that time to pay off the debt. Without further discussing this pleading, simply say further there is no allegation that the appellees did not learn of the rendition of the judgment until after the term of court at which such judgment was rendered or entered of record, and no proof that such judgment was procured through the fraud of appellant, his agent or attorney, or by accident or mistake unmixed with any fraud or negligence on the part of appellee; the testimony anyway is to the contrary.

The testimony is very conclusive, taking the testimony of Mr. Reese on the subject, that appellees were granted every kind of indulgence for many years and opportunities to sell the land and save any claimed equity in its value over and above the debt for the purchase money of the land and, as stated, to borrow from third persons enough to pay off said indebtedness against the land. Even after the rendition of the judgment complained of, allowed to remain in actual enjoyment of the land for almost one year until appellant found a tenant to lease the land to.

We find nothing stated in plaintiff's pleading or evidence to show a void judgment or any statement of an equitable nature to excuse the appellees from the consequence of their negligence or delay that would authorize or justify a court in granting a new trial or perpetuating such an injunction.

The court therefore erred in granting the injunction, and further erred in not sustaining appellant's motion to dissolve the same, and this court will now proceed to enter the order that should have been entered below. The judgment is reversed and here rendered that said temporary injunction heretofore granted in said cause and continued in full force be and the same is hereby vacated and dissolved, and that appellant be permitted to proceed with the enforcement of the decree rendered on February 8, 1919, by the Seventy-Third judicial district court of Bexar county in No. B–19700, J. M. Lewright v. T. A. Reese et al., with all costs of appeal adjudged and taxed against appellees.

Reversed and rendered.

### On Motion for Rehearing.

It is contended that the judgment rendered in this case is open to the construction that this court has undertaken to finally dispose of and adjudicate the case on the merits. That contention is based on the language of the opinion stating the effect of the judgment dissolving the temporary injunction, namely, that such dissolution would operate to permit the execution of the writ of possession. We consider appellees' fear that the judgment might be misconstrued, to be groundless; but, as that part of the opinion and judgment is surplusage, there can be no objection to the elimination thereof, and the judgment will be corrected so as to eliminate the words "and that appellant be permitted to proceed with the enforcement of the decree rendered on February 8, 1919, by the Seventy-Third judicial district court of Bexar county in No. B–19700, J. M. Lewright v. T. A. Reese et al."

[10] Appellees' contention that the cause should be remanded seems to be based upon a theory that such a judgment would be necessary to enable them to have a trial of the case on its merits. This is erroneous. As we concluded that the court erred in refusing to dissolve the temporary injunction, it became our duty to render such judgment as he should have rendered, namely, one granting the motion to dissolve, and decreeing that the temporary injunction theretofore granted be in all things dissolved. The effect of such judgment is no greater than if it had been entered by the trial court. Upon its being certified below for observance, it becomes the judgment of the trial court. It does not in any way affect the trial of the case wherein it is sought to set aside the judgment. That case will proceed as if no temporary injunction had ever been sought.

We find no reason to change our views on the merits of the questions raised, and overrule the motion.