### WROTEN et al. v. DAVIS.    (No. 1585.)*

(Court of Civil Appeals of Texas.  El Paso.
March 6, 1924.  Rehearing Denied
April 3, 1924.)

1. **Homestead** ⬉129(2) — **Purchaser of lien notes for value and before maturity without notice of homestead rights held entitled to protection.**

Where plaintiff became a purchaser of vendor's lien notes before maturity, for value, and without notice that a homestead right was superior to the lien, he was entitled to protection.

2. **Homestead** ⬉129(2)—**Vendee's possession and residence on property not notice that homestead right was superior to vendor's lien.**

Possession and residence of vendee on property, while notice of his homestead right, was not necessarily notice that such right was superior to vendor's lien.

3. **Husband and wife** ⬉212—**Wife not a necessary party to suit to foreclose a vendor's lien.**

A wife is not a necessary party to a suit to foreclose a vendor's lien upon land purchased by her husband and used as a homestead.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Action by R. F. Davis against W. B. Wroten and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Shepherd & Lankford and J. Lee Cearley, all of Cisco, for appellants.

D. K. Scott and Patterson & Sherry, all of Cisco, for appellee.

HIGGINS, J. By deed dated September 29, 1919, Mrs. J. C. Harrell conveyed to appellant Wroten a lot in Cisco. The deed recites a cash consideration of $200, and two notes for $600 each, of even date with the deed, due in one and two years, respectively, payable to the order of F. E. Harrell, and to secure their payment a vendor's lien was expressly reserved in the conveyance.

Harrell indorsed the notes to appellee, Davis, who brought this suit to recover upon the notes and to foreclose the vendor's lien against Wroten as maker and Harrell as indorser, alleging that he acquired the notes for value on October 17, 1919. The evidence

discloses that F. E. Harrell is the son of Mrs. Harrell, and acted for her in dealing with Wroten.

Wroten answered, in substance, that he bought the lot from Mrs. Harrell about June 1, 1919, and paid $200 therefor; that he erected a house thereon, and moved into same with his wife and family, and has continued to occupy it as a home ever since, but did not receive a deed until some time in September, 1919; that he bought upon open account the lumber to build the house from the Rockwell Lumber Company, through its agent F. E. Harrell; that on or about September 20, 1919, he went to Harrell and requested a deed, and Harrell procured the same from Mrs. Harrell, dated about September 20, 1919; that defendant was involved in debt, and sought to borrow money from plaintiff to pay the aforesaid lumber bill, whereupon plaintiff agreed to lend $1,200, provided the deed was changed so as to show a vendor's lien upon the property, whereupon the deed theretofore executed was destroyed, and the deed dated September 29, 1919, was executed in lieu thereof; and that the notes sued upon thus represented money borrowed from Davis in the manner indicated to pay the lumber bill, wherefore no lien attached against his homestead interest in the property.

The case was tried without a jury, and findings and conclusions were filed as follows:

Some time in the summer of 1919 Mrs. Harrell, acting through her son, F. E. Harrell, proposed to sell said lot to Wroten for $200, to be paid in cash when the deed was delivered; that the said Wroten purchased on open account during the summer of 1919 the material to erect a house on the lot, and erected same during the summer. The deed was executed by Mrs. Harrell, and held by her son, but was never delivered on account of Wroten's inability to pay the purchase price, and that on September 29, 1919, Wroten requested F. E. Harrell to destroy such deed and have his mother execute a new one, showing the consideration of $200 and the notes in question, which was done by F. E. Harrell. About the time the last deed and notes were prepared Wroten approached Davis, and explained that he had purchased the property from Mrs. Harrell; that the two notes were payable to F. E. Harrell, and F. E. Harrell would not sell him the property, unless he, Wroten, would find some one who would take up the notes, and asked the plaintiff to purchase the notes from Harrell, and represented to the plaintiff that the title to the property was good and the notes all right. Davis saw Harrell, who confirmed this statement, whereupon Davis purchased the notes, and Harrell delivered the deed dated September 29th; that Davis was an innocent purchaser of the notes for value before maturity and without notice; that Wroten had, or would, claim the property as the homestead; that Wroten never paid for the property nor received a deed until after the execution of the notes and their sale to Davis.

Upon the foregoing facts the court, in substance, concluded: First, that Davis was entitled to recover as an innocent purchaser for value; and, second, that Wroten "could not set up homestead rights to defeat the lien of the notes for the reason that he did not own the property, and title did not pass to him until delivery of the deed, the consideration for which was the two notes sued on."

From the undisputed evidence we supplement the trial court's findings of fact with the further finding that in the early summer of 1919 Wroten made valuable improvements upon the lot by erecting a house thereon into which he moved in June, 1919, with his wife, and he has continued to occupy the same as his home ever since.

The trial court's second conclusion, we presume, is based upon rulings made in various cases of which the following are typical, viz.: Walsh v. Ford, 27 Tex. Civ. App. 573, 66 S. W. 854; Kalteyer v. Mitchell (Tex. Civ. App.) 110 S. W. 462; Jones v. Male (Tex. Civ. App.) 62 S. W. 827; Hayner v. Chittim (Tex. Civ. App.) 228 S. W. 279; Wood v. Smith (Tex. Civ. App.) 165 S. W. 471.

But this case is distinguishable from those, in that, prior to the execution of the deed of September 29th, the appellant had entered into actual possession of the lot, made valuable improvements thereon, and had established a vested homestead right subject only to the payment of $200, and it is very questionable whether the husband could further incumber such homestead right in the manner attempted to be done. This distinguishing feature is pointed out and was the basis of the ruling made in Trammell v. Rosen (Tex. Civ. App.) 163 S. W. 145, and writ refused.

[1] It is unnecessary, however, for us to rule upon this phase of the case, for under the trial court's finding the appellee became the purchaser of the notes before maturity for value and without notice. In such case the authorities clearly hold that he is entitled to protection. Heidenheimer v. Stewart, 65 Tex. 321; Love v. Breedlove, 75 Tex. 649, 13 S. W. 222; Graves v. Kinney, 95 Tex. 210, 66 S. W. 293; Harrison v. Bank (Tex. Civ. App.) 224 S. W. 269; Bryant v. Grand Lodge, etc. (Tex. Civ. App.) 152 S. W. 715.

[2] The evidence upon the issue of notice is conflicting, but supports the trial court's finding. In this connection appellant contends that his possession and residence upon the property was notice of his homestead right. This may be true, but it would not

necessarily constitute notice that such right was superior to the lien, evidenced by the notes and deed. According to the trial court's finding appellee acquired the notes without notice that the homestead right was superior, and the evidence supports this view.

[3] It is further claimed by appellant that his wife was a necessary party to the foreclosure proceedings. This is not well taken. Jackson v. Bradshaw, 28 Tex. Civ. App. 394, 67 S. W. 438, and cases there cited.

Affirmed.