## CITY OF GROVETON v. PRUITT.
### No. 9812.

Court of Civil Appeals of Texas. Galveston.
Feb. 29, 1932.

Phillips & Bell, of Trinity, for appellant.
Tom F. Coleman, of Lufkin, for appellee.

LANE, J.

The city of Groveton, a municipal corporation, instituted a suit against A. J. Pruitt to recover a certain sum as taxes levied and assessed against three-fourths of an acre of land, a part of the M. G. Castro survey, situated in the city of Groveton, owned by Pruitt, and for a foreclosure of the statutory lien for the payment of such taxes. Pruitt, as shown by his petition for injunction hereinafter mentioned, was duly served with citation in the suit of the city and failed to appear and answer such suit. On or about October, 1931, judgment was rendered in the cause against Pruitt for the taxes alleged to be due on said three-fourths of an acre of land and for a foreclosure of the tax lien on same. In due time an execution and order of sale was issued under said judgment and placed in the hands of J. S. Evans, sheriff of Trinity county, for execution. On January 4, 1932, A. J. Pruitt in a lengthy petition made allegations attacking the validity of the above-mentioned judgment, praying for the issuance of a temporary injunction to restrain the city of Groveton and Sheriff J. S. Evans from selling said three-fourths of an acre of land under the execution and order of sale issued upon the aforementioned judgment in favor of the city of Groveton, and that on final hearing the judgment rendered against him be in all things vacated, set aside, and declared null and void, and that the temporary injunction on final hearing be made permanent.

On the petition of Pruitt alone, the court ordered the issuance of the temporary injunction prayed for, same to remain in force to await the further orders of the court.

From the judgment rendered, the defendant city of Groveton has appealed, and as cause for reversal of the judgment contends that the court erred in granting the injunction prayed for upon the petition of appellee, in that: (1) The petition was not verified as required by law and therefore it was insufficient to support the granting of the temporary injunction granted by the court. (2) That all the defenses which appellee Pruitt alleges he had to the suit of the city of Groveton could have been litigated and determined in said suit; that appellee in his petition for injunction alleged that he failed to appear and set up such alleged defenses, though duly cited to appear and answer in such suit; that there is no allegation in appellee's petition that his failure to appear and answer in the suit of the city was by reason of any fraud, misconduct, or wrong on the part of the city of Groveton or by any one acting for it. Therefore, the court erred in granting the temporary injunction prayed for in appellee's petition.

We sustain appellant's contention.

By article 25, Revised Civil Statutes of 1925, it is provided: "All oaths and affirmations shall be administered in the mode most binding upon the conscience of the individual taking same and shall be subject to the pains and penalties of perjury."

In Robertson v. Economy Plumbing Co. (Tex. Civ. App.) 269 S. W. 481, it is held that an affidavit verifying petition for injunction alleging numerous facts, being merely "that 'the facts therein alleged that are within my personal knowledge are true,'" etc., is insufficient; it being required to be so direct and unequivocal that a charge of perjury could be based on it.

In Pullen v. Baker, 41 Tex. 419, it is said: "The attorney for plaintiff makes oath that the statements of the petition 'are true when made upon his own knowledge, and when made upon information of others he believes them to be true.' It does not appear from the petition that any of its statements are made upon the knowledge of the attorney, or upon information to him from others. We think this affidavit insufficient, and that the injunction was properly dissolved."

It is clear, we think, that no charge of perjury could be based on the affidavit made to the petition of appellee, in the present case, and that under the statute and authorities cited this petition is insufficient to support the issuance of the temporary injunction prayed for.

To restrain the enforcement of the default judgment rendered in the present case, it must appear that the judgment is void on the face of the record. Baker v. Memphis, D. & G. Ry. Co. (Tex. Civ. App.) 208 S. W. 182. In this case it is not made to appear on the face of the record in the suit of the city against appellee or otherwise that the judgment rendered in that suit was void.

In Wilson v. Cook (Tex. Civ. App.) 91 S. W. 236, 237, it is said: "That appellant's bill presents no equities is apparent. Everything he alleges could have been set up by him as a defense in the suit wherein the judgment sought to be enjoined was rendered, and no reason is shown in his bill why this was not done."

In appellee's brief it is said that Pruitt was informed that the suit of the city for delinquent taxes would not be tried at the October term of court, but with other tax suits would be continued; that acting on the belief that such cases would be continued, he made no appearance; that such information came through appellant's attorney.

There is no allegation in appellee's petition stating or remotely suggesting that the information mentioned came through appellant's attorney, but to the contrary it is stated emphatically that such information came from others who were sued for taxes, and that believing such suits would not come up at the October term of court, he "overlooked filing an answer in the suit against him."

For the reasons pointed out the judgment of the trial court is reversed, and judgment is here rendered for appellant, vacating and setting aside the temporary injunction granted by the trial court.

Reversed and rendered.