83    155
88    212

83    155
120    69

[No. 13394.    Department One. — February 25, 1890.]

## MARY CLEGHORN, APPELLANT, *v.* JOSEPH O. ZUMWALT, RESPONDENT.

REFORMATION OF DEED — MISTAKE. — When the grantor of a conveyance of all her interest in certain land was erroneously advised by her attorney that she owned but an undivided fifth of the premises conveyed, and the bargain and estimate of value forming the basis of the price related only to one undivided fifth thereof, and proceeded upon a mutual mistake of the parties at the time of the agreement as to the extent of ownership, the grantor is entitled to a reformation of such conveyance to make it conform to the agreement, and truly express the intention

of the parties, notwithstanding the grantee was advised before the execution of the deed that the grantor owned three fifths of the premises.

ID. — MUTUAL MISTAKE — MISTAKE OF ONE PARTY KNOWN OR SUSPECTED BY THE OTHER. — The mutual mistake for which a deed may be reformed relates to the time of making the agreement for the conveyance, and not to the execution and delivery of the deed, which merely carried the agreement into effect. But a mistake of one party at the date of a conveyance which is known or suspected by the other party, without reference to a prior mutual mistake in the agreement, is ground for a reformation of the deed, under section 3399 of the Civil Code, if no rights of third parties are involved.

APPEAL from a judgment of the Superior Court of Colusa County.

The facts are stated in the opinion of the court.

*John C. Devel*, and *Oliver P. Evans*, for Appellant.

*Richard Bayne*, for Respondent.

Fox, J.—Action to reform a deed. Judgment for defendant, and plaintiff appeals. The case comes up on the judgment roll.

It appears from the findings that in October, 1885, Mary Cleghorn, then a minor, was the owner of an undivided one-tenth interest in the northwest quarter of section 11, township 18 north, range 6 west, Mount Diablo meridian, which she had inherited from her father; that upon the death of her father a one-half interest in said land passed to her mother, who had also died in October, 1885; that in the course of settlement of the estate of the mother, and on the eighth day of May, 1886, the said one-half interest so held by the mother was, by an order of the probate court duly given and made, set apart to and declared to be the property of said Mary, but she was then advised by her counsel that this order only gave her the use of the property during her minority, and that upon her becoming of age her brothers and sisters would take each a one-fifth interest therein, the same as they had done in her father's

estate, leaving one fifth to her, thus vesting in her at her majority two undivided tenths, or one undivided fifth of the whole title to the tract.

The court finds that this—the one-fifth interest—is what she and the defendant both supposed she owned, when in November, 1887, she being then of lawful age, defendant agreed with her to purchase her interest in the tract, and pay her five hundred dollars therefor, which price the court finds was the value of an undivided one fifth of the tract. The court further finds that subsequently, and before the deed was executed, upon examination of an abstract of title, defendant was informed by his attorney, and at the time of the execution and delivery of the deed and payment of the money, knew that the interest of plaintiff in the tract was three fifths instead of one fifth, but did not disclose the fact to plaintiff. The deed was in a form that conveyed all her interest, whatever it might be. The relief sought is to so reform the deed that it shall convey an undivided one fifth, as both parties expected it would and intended it should, at the time the bargain was made for it and the price was fixed, and as one of them believed it did when it was made.

The granting of this relief is resisted, not on the ground that it would be inequitable, or would not make the deed conform to the purchase as actually made, but on the technical ground that at the time of the actual execution and delivery of the deed there was not a mutual mistake of fact as to what it conveyed.

While from its full finding of facts the court below seems to have been fully impressed with the equity of plaintiff's case, it seems to have thought the point made by the defense to have been well taken, for it finds, as conclusion of law, that " under the complaint as it now stands, said plaintiff is not entitled to the relief prayed for," and judgment is entered for defendant.

In this we think the court erred. There is no doubt

whatever that at the time the minds of the parties met, and the bargain was actually made, the mistake was mutual. Both then understood and believed that what the one was selling and the other was buying was the undivided one fifth, and the price was fixed on that basis. The execution and delivery of the deed afterward was but the carrying into effect of the agreement already made. The mistake relates to the time of the agreement, not merely to the time of the carrying of the agreement into effect. But even if it be held that the cause of action must relate solely to the condition and understanding of the parties at the time of the execution and delivery of the deed, the case is one which comes within the provisions of section 3399 of the Civil Code, and entitles the plaintiff to the relief demanded. That section reads:—

"When, through fraud or a mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved, so as to express that intention, so far as it can be done without prejudice to rights acquired by third persons, in good faith and for value."

Here no question of the rights of third persons is involved, and the court in effect finds that at the time of the execution and delivery of the deed the defendant knew that the plaintiff believed she was the owner of only an undivided one fifth, and she was not informed by the defendant or any one else to the contrary until after the execution of said deed. The allegations of the complaint are ample to cover either "mutual mistake" or "mistake of one party which the other at the time knew and suspected," and to entitle the plaintiff to the relief provided for in the section quoted.

Judgment reversed, and case remanded, with instructions to the court below to enter judgment on the

findings in favor of plaintiff, as prayed in her complaint.

Paterson, J., and Works, J., concurred.

Hearing in Bank denied.