### D. T. BOMAR V. FORT WORTH BUILDING ASSOCIATION.

Decided March 4, 1899.

**Res Adjudicata—Estoppel.**

A decree operates as an estoppel against one who was not a party to the suit but who was privy in interest with a party and employed an attorney to represent that interest.

APPEAL from Tarrant. Tried below before Hon. W. D. HARRIS.

*Bomar & Bomar,* for appellant.

*J. T. Cooper,* for appellee.

HUNTER, ASSOCIATE JUSTICE.—This suit was brought by the appellant to recover of appellee a certain lot in Fort Worth, Texas, at the same time tendering an insufficient amount to redeem the same from a judgment of foreclosure of certain vendor's lien notes rendered in favor of appellee on the 12th day of March, 1896, but offering to do equity.

The appellee plead the general issue, and reconvened in trespass to try title against the appellant.

The cause was tried without a jury on June 18, 1898, and judgment rendered in favor of appellant for the lot in question, in case he should pay into court within two days $635.27, the amount found to be due and unpaid on the vendor's lien notes aforesaid, less $25 charged against appellee for rents, which sum appellant paid into court as required, but excepted to the judgment and conclusions of fact found by the court, and gave notice of appeal, and brings the case here on one assignment of error.

The appellee filed in the court below cross-assignments of error which are now urged in this court, appellee's counsel contending that the judgment in favor of appellant for the lot ought to be reversed and rendered in favor of appellee.

There is no statement of facts, but the court's conclusions of fact seem to be full on every point raised by the assignments, and as they cover over five pages of the record we will briefly state our conclusions of fact therefrom, but sufficiently to show the grounds of this decision.

On the 11th day of January, 1888, Meyer & Bass owned the lot in controversy, and on that day sold and conveyed it to Lowrance, who in consideration of the sale assumed to pay an $800 mortgage due to appellee for loaned money executed December 13, 1887, and also executed his three notes to them for $100 each, due respectively in twelve, eighteen, and twenty-four months, with 10 per cent interest from date, each of which notes contained a clause that "in case of legal proceedings thereon I agree to pay 10 per cent of the amount as attorney's fees." The vendor's lien to secure these notes was expressly reserved in the deed.

Afterwards Lowrance sold the lot to Letchworth, and he to Maddox, each in turn assuming to pay the mortgage debt and the three vendor's lien notes. While Maddox owned the lot, to wit, on the 11th day of February, 1892, he executed a deed of trust thereon in favor of Bush to secure a note for $1970, which was duly filed and recorded on the day of its date, and afterwards one E. J. Ormsbee, becoming the owner of this note, sued Maddox thereon, and on March 12, 1894, recovered judgment foreclosing the mortgage lien as it existed on February 11, 1892, with order of sale as under execution. An order of sale was issued on March 11, 1896, and sale by the sheriff made thereunder on April 7, 1896, when said Ormsbee became the purchaser for $200, and the sheriff conveyed the same to him on the same day. On May 26, 1896, said Ormsbee conveyed the lot to appellant Bomar.

In December, 1888, the appellee bought from Meyer & Bass the three $100 notes executed by Lowrance to them, and on the 5th day of April, 1895, Meyer & Bass conveyed to appellee the superior title to the lot which they held by reason of the retention of the vendor's lien to secure said three notes, and immediately thereafter made demand of Maddox, who was then the owner of the lot, for payment thereof, and upon his failure to pay, and the notes being barred by limitation, appellee company brought suit against Maddox and Hamilton, who were in possession, to recover the lot, and said Ormsbee then holding a mortgage on the lot from Maddox for $1970, caused, it seems, Bomar & Bomar, a firm of lawyers, one being appellant herein, to defend said suit for Maddox in the interest of Ormsbee, and to pray for and obtain an accounting as to the amount due from Maddox to appellee on said three notes, and offered to pay the same, and so offering demanded the right to redeem.

Upon the trial of that cause on March 12, 1896, the court rendered judgment in favor of appellee company for the lot, but further found that there was due on said three notes, including interest and attorney's fees,

$599.50, and decreed that Maddox had the right to redeem the lot by paying the same within ten days, and upon payment thereof Maddox should retain the land and no writ of possession should ever issue.

From this judgment Maddox appealed, and it was affirmed by this court on March 20, 1897. 40 S. W. Rep., 822. Neither Maddox nor Ormsbee nor any one else has ever paid this judgment or offered to pay it.

Appellant has filed and presents but one assignment of error, which complains of the action of the court in refusing to give him judgment for rents against appellee from April 1, 1896, until the trial, and this assignment we overrule, for the reason that, in our opinion, the title to the lot and right to the possession thereof were in appellee from March 12, 1896, the date of the judgment in the case of appellee against Maddox aforesaid.

We come now to the cross-assignments of error presented by appellee,— and there are twelve,—and deem it necessary to notice only two of them, which are as follows:

"Third.   The decree is erroneous in not adjudging the said premises to the defendant on its plea in reconvention."

. "Fifth.   The court erred in not holding that the judgment of the District Court of Tarrant County, rendered on the 13th day of March, 1896, in the case of the Fort Worth Building Association vs. R. E. Maddox et al., was res adjudicata and conclusive as to plaintiff and E. J. Ormsbee, under whom he claimed."

We think that both these cross-assignments of error should be sustained.

The judgment of March 12, 1896, in favor of appellee against Maddox and Hamilton for the recovery of the land settled the title to the lot in the appellee company and all persons holding under Maddox, subject, as declared therein, to his right to redeem by paying, within the time allowed by that judgment, after the final orders of this court in affirmance thereof, the sum of $599.50, with 10 per cent interest from March 12, 1896.   This sum was not paid within the ten days allowed therefor, and consequently by the terms of that judgment appellee recovered the land and was entitled to a writ of possession against Maddox and Hamilton, and all persons claiming under them.

From the findings of the District Court we conclude that, while Ormsbee was not a party on the record to that suit, yet he was a party or privy in interest, and had employed the appellant and his partner to represent that interest by defending the same and procuring a decree for an accounting, and also awarding to Maddox, his mortgagor, the right to redeem the lot from the judgment on the three vendor's lien notes aforesaid.   And if Ormsbee's interest was at his instance represented in that suit, he is as thoroughly precluded and estopped by the judgment therein as if he had been a party to the record, and so, holding under Maddox under a title having its origin prior to the date of that judgment though foreclosed as against Maddox later, the judgment therein is res adjudicata as to the title to the lot, the right of possession and the amount requisite

and the right to redeem. 2 Black on Judg., secs. 534, 539, 545, 549; 1 Herm. on Estop., secs. 156, 157; Powell v. Heckerman, 6 Texas Civ. App., 304; Wells on Res Adjud., sec. 27.

We are therefore of opinion that the judgment, in so far as it is in favor of appellant upon his right to redeem at all, and wherein it is against the appellee for anything, must be reversed upon appellee's cross-assignments of error, and it is so ordered; and we here render judgment in favor of the appellee company upon its plea in reconvention for the lot in controversy and all costs incurred by it both in this court and in the court below.

*Reversed and rendered.*