## J. A. ELLIOTT v. I. C. MORRIS.

Decided June 16, 1906.

### 1.—Deed—Delivery—Evidence.

A creditor of the owner of a tract of land wrote to him offering a certain price for the land, and saying that if he did not wish to take the price offered, then to give him some showing for what he owed, and referred him to the creditor's attorney to "fix it up some way." The debtor went to the attorney named, presented the letter, and stated that he desired to convey the land to the creditor. A deed was prepared, signed and acknowledged by the debtor, and delivered by him to the attorney for the creditor. Held, a complete delivery, though the creditor was not notified of the matter until long after.

#### ON REHEARING.

### 2.—Practice on Appeal—Undisposed of Issue.

Where an issue is raised by the pleadings and evidence in the trial court, but not disposed of by the judge, the Appellate Court, upon reversing the judgment of said court, should remand the cause in order that said issue might be disposed of.

Appeal from the District Court of Nolan County. Tried below before Hon. James L. Shepherd.

*Orrick & Terrell,* for appellant.

*Wagstaff & Davidson,* for appellee.

SPEER, ASSOCIATE JUSTICE.—This was a suit in trespass to try title instituted by appellant against appellee to recover section No. 34,

block No. 20, Texas and Pacific Railway Company survey in Nolan County, and resulted in a finding by the court in favor of appellee.

The pivotal question in the case is whether or not there had been a delivery of a certain deed executed by one W. C. Logan, conveying the land to appellant and another. Upon this issue the trial court found that there had been none, while we are constrained to hold otherwise.

We find that on November 14, 1900, the State issued a patent to W. C. Logan for the land in controversy, and that thereafter, on February 7, 1901, I. C. Morris, the appellee, instituted suit against him wherein he recovered judgment for the title and possession of the same, and that such judgment was subsequently affirmed by this court. Appellant was not a party to that suit. On January 4, 1901, appellant, then a creditor of Logan for a sum in excess of the value of the land, wrote Logan as follows: "Now, W. C., you have a patent to 34. Will give you $2.25 per acre. If you don't want to take the price, I would like to have some showing for what you owe me. If you will, I wish you would go to Beall and Beall and fix this up some way. I would like to hear how everything is out there." In pursuance of this, Logan went to the office of Beall & Beall, attorneys at law, and presented the letter to W. W. Beall, a member of that firm, stating that he owed appellant and desired to sell him the land. Mr. Beall prepared a general warranty deed conveying the land to.appellant and W. F. Elliott, which deed was duly acknowledged by Logan and by him delivered to Mr. Beall for appellant. The deed was placed among the papers of appellant in the office of Beall & Beall, though he was never informed by anyone of the execution of the deed until about November, 1903, when Logan made a substitute deed for the one of January 21, 1901, which had been burned in a fire which consumed the office of Beall & Beall. The insertion of the name of W. F. Elliott as a grantee in the conveyance was a mistake of the attorney preparing the deed, W. F. Elliott in fact having no interest in the land. Beall & Beall were attorneys for appellant generally in his business matters. These facts we think show a complete delivery of the deed of conveyance by Logan to appellant. It is a case of delivery to a designated agent with authority to accept.

It was wholly unnecessary to complete the delivery that Beall & Beall should have notified appellant of the execution of the deed. The delivery was complete when in pursuance of the previous offer of appellant, Logan accepted the $2.25 per acre and went to the designated attorneys and made his deed. He accepted the offer in its exact terms and manner proposed. Nothing more remained for him to do, and he could undo nothing he had done. Appellant's letter of proposal referring Logan to Beall & Beall conferred upon them at least the implied authority to represent him in the matter of closing up the purchase of the land if Logan accepted the offer.

Appellee is in no sense an innocent purchaser of the land, nor does he claim to be. His judgment against Logan was recovered at a time when Logan had no title to the land and the same is in no manner binding on appellant.

The judgment is therefore reversed and rendered for the appellant.

## ON REHEARING.

We deem it to be our duty to remand this cause for another trial, rather than to render judgment for the appellant, as we did upon the original hearing. We do this upon the issue of *res adjudicata* raised by appellee in his first amended original answer upon which the case was tried, wherein it was asserted that appellant was in effect a party to the suit instituted by appellees against W. C. Logan on February 7, 1901, in that the title to the land in question was in the name of said Logan, who was then representing appellant and had charge, management and control of the lands in controversy, and that appellant defended said cause of action employing attorneys to represent the said Logan, who was only a nominal defendant. Upon the issue thus raised the trial court made no findings. We therefore remand the cause to the District Court of Nolan County for another trial. See Bomar v. Ft. Worth Building Association, 49 S. W. Rep., 914; McCreery v. Everding, 54 Cal., 168; McClelland v. Hurd, 21 Colo., 197; Thomsen v. McCormick, 136 Ill., 135; Montgomery v. Vickery, 110 Ind., 211; Worley v. Hineman, 33 N. E. Rep., 260; Stoddard v. Thompson, 31 Ia., 80.

In other respects we adhere to the conclusion announced in our original opinion.

*Reversed and remanded.*