## MOSS v. THOMPSON.
### No. 3022.

Court of Civil Appeals of Texas. El Paso.
May 31, 1934.

C. H. Machen, of Dallas, for appellant.

Farley Reasonover, of Dallas, for appellee.

HIGGINS, Justice.

H. S. Moss is the owner of an eight-sixteenths interest in an oil well; John L. Anderson owns a five-sixteenths interest therein; and R. E. Thompson is the receiver of a three-sixteenths interest in such well. Moss operated the well under an agreement that he should be liable for operating costs and expenses according to his interest. He filed this suit in the court where the receivership is pending setting up a claim against the receiver for $915.37, the receiver's share of such operating costs and expenses. The claim is itemized.

The receiver answered, in general terms, denying the justice and correctness of every item set forth in the claim. The receiver also pleaded in set-off the sum of $1,000, the alleged value of a derrick delivered by the receiver to Moss and alleged to have been converted by Moss.

Separate findings and conclusions were not filed by the court, but the judgment entered shows various items of the charges allowed aggregating $413.26. All other items were disallowed.

The judgment further discloses that the receiver was allowed to set off against the claim of Moss the sum of $51, the receiver's three-sixteenths interest in the sum of $275, for which Moss had sold said derrick. The court also charged against Moss one-half of the sum of $246, the value of a drill stem appropriated by Moss, which stem was owned jointly by Moss and the receiver. The court also charged up against Moss various other sums which the court found to be owing by Moss to the receiver. The total of all the sums charged against Moss is $422.38, which sum the court set off against Moss' claim and rendered judgment that he take nothing against the receiver.

### Opinion.

There are no pleadings which would authorize any set-off against the claim of Moss except said sum of $51, the receiver's interest in the amount for which the derrick was sold.

The court erred in allowing the set-offs not pleaded. The error in so doing is apparent upon the face of the pleadings and judgment, and therefore fundamental.

The plaintiff's testimony shows the justice and correctness of the claim sued upon as to practically all of the items thereof, and in the absence of any evidence impeaching the justice and correctness of the items, the same should have been allowed. Appellee says the evidence was conflicting upon the issue and the finding of the court controls. The brief points out no evidence to support the action of the court in disallowing any of the items.

Reversed and remanded.