## FORMAN et al. v. BARRON et al.

No. 3689.

Court of Civil Appeals of Texas. El Paso.

June 30, 1938.

Rehearing Denied Sept. 15, 1938.

Joseph W. Hale, of Waco, for appellants.

Whitaker, Perkins & Turpin and Joseph H. Mims, all of Midland, for appellees.

NEALON, Chief Justice.

Mrs. Carrie L. Forman, joined by her husband, Frank Forman, on May 7, 1937, sued M. C. Ulmer and others in trespass to try title. The property involved is described as the north half of Lot No. 12, in Block No. 38, Original Town of Midland, as per the map of said town of record in Book 3, pages 232, 233 of the Deed Records of Midland County. September 17, 1937, plaintiffs filed their first amended original petition naming as parties defendant the First Baptist Church of Christ in Midland, a corporation, and Elliott H. Barron and Percy Mims, trustees of said church. The allegations were those usually made in suits in trespass to try title.

Defendants pleaded not guilty, general denial and the two, three and four years statutes of limitation. Vernon's Ann.Civ. St. arts. 5507, 5526, 5520. They also alleged that they had made certain improvements in good faith, alleging certain facts upon which they based their claim of good faith. By second count in cross-action they made the usual allegations in trespass to try title actions and sought recovery of possession of the premises. All parties defendant, except those named in the amended petition, were dismissed from the suit upon the motion of plaintiffs. The case was tried to the court without the aid of a jury and judgment rendered that plaintiffs take nothing by their suit, and that defendants recover judgment for the title and possession of the property. From that judgment plaintiffs appeal.

It was agreed that Clarence Scharbauer, individually and as executor of the will of Christian Scharbauer, deceased, was the common source of title; that the rental value was about equal to the improvements made by the defendants. Plaintiffs waived any right to claim rents and defendants waived any right to assert their claim for improvements made in good faith, insofar as the particular trial was concerned. The facts of the case we now relate. February 1, 1927, Clarence Scharbauer conveyed the property to C. S. Tucker, brother of plaintiff Mrs. Carrie Forman, for a consideration of $7,000, $1,000 of which was paid in cash and the balance of which was evidenced by six promissory notes of even date with the deed, each in the principal sum of $1,000. The notes were due, respectively, in one, two, three, four, five and six years after their date. An express vendor's lien was retained to secure the payment of the notes. February 1, 1927, Scharbauer assigned the notes without recourse, "together with all and

singular the contract lien, vendor's lien, rights, equities, titles and interest in said land" which he had by virtue of being the owner of said notes, to Frank Forman, one of appellants. The assignment was filed for record February 7, 1927. June 30, 1931 Tucker and wife conveyed the property to appellant Carrie L. Forman. The recited consideration was "the sum of Ten Dollars to us paid by Carrie L. Forman and further considerations as follows: The payment of five certain notes being notes No. 2, 3, 4, 5 and 6, of a series executed by C. S. Tucker to Clarence Scharbauer on the 1st day of February, 1927 for the sum of ($1,000.00) One Thousand Dollars each, and given in part payment for the property herein conveyed, retaining vendor's lien on same and due 2, 3, 4, 5 and 6 years from date, said notes now being owned and held by Frank Forman, and the further consideration of the payment of all taxes and other legal claims against said property, and other considerations not herein mentioned." This deed was filed for record May 4, 1937.

On May 16, 1927, the City of Midland, by ordinance, levied a special assessment against the property in the sum of $258.90 to defray the cost of paving a portion of the street upon which the property abutted. A certificate of special assessment was issued to Womack Construction Company, the contractors, reciting that "All proceedings with reference to making such improvements have been regularly had in compliance with the law, the Charter of said City and the terms of this certificate and that all prerequisites to the fixing of the assessment lien on said premises and claim of personal liability evidenced by this certificate have been performed; that said improvement has been completed by said Company in compliance with the terms of said contract, and was accepted by said City on the 24th day of August, 1927," and contained all other recitals necessary to make the certificate prima facie evidence of the truth of its contents. July 7, 1927, Tucker and wife executed a mechanic's lien contract to protect the same debt. These liens were assigned to Realty Trust Company, a corporation, domiciled at Dallas. Tucker paid all of the installments contracted for except the last which amounted to $51.87. July 12, 1932, the Realty Trust Company brought suit in Dallas County against Tucker and wife for a balance of $51.87 principal, $14.02

interest and $75 attorney's fees, and made appellants parties to said suit. Appellants filed a plea of privilege to be sued in McLennan County. An answer was filed on behalf of Tucker and wife which included a general denial and allegations that the property was homestead and not subject to forced sale, and attacking the proceedings by virtue of which the Realty Trust Company claimed a lien. They also attacked the contract lien upon the ground that Mrs. Callie Tucker, wife of C. S. Tucker, had not signed it. From the evidence upon the trial of this case it appears that Tucker and wife did not know that the answer was filed; that it was filed by Mrs. Forman; that the attorney preparing and filing it was employed by her, and that such employment and action upon his part were authorized by appellant Frank Forman. The court entered judgment for principal, interest, attorney's fees and costs and decreed a foreclosure of both liens. Subsequently the property was sold by the sheriff of Midland County by virtue of the order of sale issued in the case and was purchased by M. C. Ulmer for the sum of $200. Mr. Ulmer testified that at the time he purchased he did not know of the unrecorded deed from Tucker to Mrs. Forman; but after making his purchase and before selling to the church he offered Mrs. Forman his interest in the property for the amount he had invested; that she did not accept the offer. Subsequently, on September 20, 1934, Ulmer conveyed the property to the trustees of the First Baptist Church of Midland for a recited consideration of $165. The real consideration was $200, but a credit of $35 was allowed on account of rents that the church had paid.

## Opinion.

■■■ Appellants contend that the title that they possessed by virtue of the vendor's lien and the conveyance by Tucker and wife is superior to the title acquired by virtue of the foreclosure proceedings at Dallas, and that, therefore, they are entitled to recover. The suit at Dallas alleged the City of Midland had adopted the provisions of Chapter 14 of the General Laws of the State passed at the Second Called Session of the Thirty-first Legislature, formerly shown as Chapter 11, Title 22, Revised Statutes of 1911, and now shown as 1086 to 1096, both inclusive, and Articles 1104 and 1105 of the Revised

Civil Statutes of the State of Texas of 1925; that the City issued a certificate of special assessment to the Womack Construction Company and its assigns for the pro rata part of paving a portion of Main Street upon which said property abutted, levying it against said property as 'the property of C. S. Tucker. In all its essentials the certificate complied with Article 1090, Revised Civil Statutes of 1925. It was, therefore, prima facie evidence of the facts so recited. Article 1090 provides that such an assessment shall constitute a lien on the property against which it is levied "which shall be the first enforcible claim against the property against which it is assessed, superior to all other liens and claims, except State, county and municipal taxes." It does not appear that Mr. Tucker brought suit to set aside the assessment for any alleged irregularities. He was therefore barred from such action in the future. R.C.S.Art. 1096. See, also, Arts. 1104 and 1105, R.C.S. 1925. The articles cited, as well as the decisions construing them, require us to hold adversely to appellants' contention. Evans v. Whicker, 126 Tex. 621, 90 S.W.2d 554; Thurber Brick Co. v. Cox, Tex.Civ.App., 80 S.W.2d 435.

By their last proposition appellants insist that if the court should hold the claim of the church to be superior in law to that of appellants, it is yet the duty of the court to give Dr. and Mrs. Forman an opportunity to pay their taxes and to pay off any prior or superior lien and in this manner protect their investment. Unfortunately for appellants, their pleadings were not in such condition that the District Court could afford this relief. Appellants by neither prayer nor pleading sought it. The plaintiffs did not elect to seek this relief or indicate a willingness to accept it. The authority of the court to grant relief is restricted by the nature of the pleadings. In this case the suit is purely one of trespass to try title. It calls for a comparison of titles. There are no allegations or prayers that would warrant the court in awarding the remedy of redemption, if the right to redeem existed. The right of redemption is an equitable one. Where pleadings in trespass to try title are merely in statutory form and no facts requiring equitable relief are alleged on either side judgment must follow a superior legal title. Groesbeck v. Crow, 85 Tex. 200, 20 S.W. 49. The want of

sufficient pleadings to support it is as fatal to a judgment as a want of evidence, and a judgment can no more be properly rendered upon insufficient pleadings than upon insufficient evidence. York v. Thompson Lumber Co., Tex.Civ.App., 169 S.W. 187; Jennings v. Texas Farm Mortg. Co., 124 Tex. 593, 80 S.W.2d 931; McKee v. Mathias, Tex.Civ.App., 83 S.W.2d 744; Moss v. Thompson, Tex.Civ.App., 72 S.W.2d 375. Upon the state of the pleadings the trial court was not authorized to enter judgment requiring the appellees to accept the amounts of the superior liens to enforce which the property was sold.

Not only was there nothing in the pleadings to indicate a desire for this character of relief, but no tender of payment of the superior claims was made, and indeed the prior conduct of appellants indicated that they did not desire to make these payments. Subsequent to receiving the deed from Tucker and months prior to the filing of the suit for foreclosure Mrs. Forman, when notified of the delinquency as to payments for paving, wrote the Realty Trust Company, "* * * my only interest in this Midland property is a first lien note for $5000 and some unpaid interest," adding that Mr. Tucker put the property in her "control to help him rent it and appropriate the proceeds to the payment of the unpaid interest and other debts," etc. She did not offer to pay the small balance then due and thus avert foreclosure. Subsequently the church authorities offered to relinquish their claim for $250, without receiving from appellants a counter offer of the exact amount of their expenditures. However, regardless of these last two incidents, the trial court was powerless under the pleadings to award the relief now suggested, and our power in the premises is no greater than that of the district court.

Judgement is affirmed.

### On Motion for Rehearing.

In view of appellants' requests for additional findings of fact and conclusions of law, we have decided to comment further upon the issues involved

While appellants were not residents of Dallas County at any time during the pendency of the suit to foreclose the paving assessment liens, and though the Realty Trust Company dismissed as to them, we have concluded that they were bound by the judgment of foreclosure. Mrs. Forman represented and was authorized to act for

both appellants. She employed counsel and caused an answer to be filed in behalf of Tucker. She took complete control of Tucker's defense. In fact appellants were the only ones who could be benefited by defeating the claim of the Realty Trust Company in that suit. They owned the so-called "equity of redemption," as well as the vendor's lien. Bomar v. Fort Worth Bldg. Ass'n, 20 Tex.Civ.App. 603, 49 S.W. 914; Elliott v. Morris, 43 Tex. Civ.App. 482, 98 S.W. 220; Marshall v. Stubbs, 48 Tex.Civ.App. 158, 106 S.W. 435; Cleveland v. Heidenbeimer, Tex.Civ.App., 44 S.W. 551; Bonner v. Green, 6 Tex.Civ. 96, 24 S.W. 835.

The last of said vendor's lien notes originally given by Tucker matured more than four years prior to the filing of this action. Defendants pleaded the four year statute of limitation, Vernon's Ann. Civ.St. art. 5520. That plea should have been and now is sustained as to appellants' attempt to recover by virtue of the superior title retained in Scharbauer's deed. In part consideration of the deed from Tucker to appellant Clara Forman, which obviated the foreclosure proceedings and consequent expense, and was received for the benefit of appellants' community estate, the grantee therein assumed all "legal claims" against the property. The contract paving lien was a legal claim, and when assumed became prior to the vendor's lien. This was sufficient to defeat recovery. The assumption may not be repudiated while the benefit received is claimed.

The evidence warranted a finding that Mr. Ulmer purchased without notice of the deed from Tucker to Mrs. Forman. Mrs. Forman had written plaintiff in execution disclaiming any interest in the property, except the vendor's lien. It is not to be presumed that she would have made a contradictory statement had Mr. Ulmer inquired directly of her.

Appellants insist that the paving assessment was invalid upon the theory that the property was Tucker's homestead at the time the assessment was levied by the City Council of Midland. We think this immaterial in view of our holdings as to the effect of the Dallas judgment and the assumption clause in the deed from Tucker to Mrs. Forman. However, we think the evidence in favor of appellant's homestead theory was not sufficiently strong to overcome the presumption in favor of the court's judgment, if indulging such presumption be necessary to sustain the judgment. Mr. Tucker testified that he "took possession" of the property just after the deed and the transfer of notes were made; that he rented the lower floor, and "used" the upper floor "as a hotel" rooming house. He did not say what his "calling" or "business" was or that he had an office on the upper floor or that his family lived there, unless this last be inferred from a negative reply to the question, "You never did live on this property after you went away did you?" He did not testify that he was living upon the property in question at the time the special assessment lien was fixed by ordinance or at the time the contract lien was executed. The court did not err in denying a recovery on account of the alleged invalidity of the paving liens.

We are convinced that our original holding was correct. The motion for rehearing is overruled.