## ATTAWAY v. ELLIS.

No. 6053.

Court of Civil Appeals of Texas. Texarkana.

April 22, 1943.

Potter & Bezoni, of Tyler, for appellant.
Ramey, Calhoun, Marsh, Brelsford & Sheehy, of Tyler, for appellee.

WILLIAMS, Justice.

Merle Barron executed and delivered to appellee, C. J. Ellis, defendant below, a $3,800 vendor's lien note, dated July 1, 1937, as part of the purchase price of a house and lot in Tyler. Barron and wife executed a deed of trust on the property then conveyed to better secure payment of this note. Ellis endorsed the note "without recourse"; and executed an assignment or transfer of the note together with the vendor's lien and deed of trust lien securing same to Jesse Attaway. This assignment or transfer instrument included a clause, the basis of this suit, reading:

"This conveyance, however, not to effect in any manner my liability as endorser on the back of ·said note. And I hereby guarantee the payment of principal and interest of said note, or any extension or renewal thereof, hereby waiving protest, diligence and suit on the same."

In a suit against Barron, filed after he had made default in payment of the note, appellant, Jimmie B. Attaway, guardian of Jesse Attaway, a non compos mentis, plaintiff in that suit and plaintiff in the instant suit recovered judgment against Barron for the amount due together with foreclosure of the vendor's lien. The property when sold under the order of sale growing out of above judgment did not satisfy the amount due on the note or judgment.

This suit by plaintiff is to recover from Ellis the amount of the deficiency grounded upon the clause in the transfer above set out, which under its terms guarantees the payment of this $3,800 note. To avoid recovery, defendant asserted the right to reform the written transfer or assignment so as to omit the guaranty clause therein, based on an alleged mutual mistake, or mistake on the part of defendant and fraud on the part of plaintiff.

In so far as the issues involved in this appeal are concerned, there is practically no conflict in the evidence. Henry Alsop, a real estate broker, negotiated sale of the property to Barron and the sale of the note to plaintiff. In order to meet the terms of the sale of the property for all cash, Alsop contacted plaintiff for a loan on the property. After plaintiff's inspection of the property he advised Alsop that he would loan $3,800 on the property, conditioned on its approval by the probate court and to tell Sherry, an attorney, to prepare the necessary papers for the loan. Sherry, after examination and approval of the title, prepared the deed from Ellis to Barron, the note, the deed of trust, and the assignment of note and liens securing same, and took all acknowledgments.

According to the testimony of Alsop, when Sherry presented the papers to Ellis for execution, the latter objected to the form in which they were drawn, stating at the time he was to receive a cash consideration for the property and did not want to be responsible for any default and suggested that the note be made payable direct to Attaway. According to Alsop,

Sherry then stated to Ellis that if the latter would not require him to redraft the papers, he "Sherry" would write "without recourse" on the back of the note and that would release Ellis from any obligation on the note. Defendant's testimony is. to the same effect. There is no testimony to the contrary. Sherry did not testify.

After the papers had been executed, Ellis left them with Sherry to be delivered upon receipt of the $3,800. The following day Sherry, plaintiff and Alsop presented to the County Judge of Van Zandt County an application by Jimmie B. Attaway, Guardian, for an order approving the loan and exhibited the executed instruments above mentioned. After securing the court's approval, plaintiff delivered to Sherry a check for $3,800 payable to Ellis, which in turn was delivered to and cashed by Ellis.

Plaintiff admits in his testimony that he told Alsop he would make the loan on the strength of the property as security; that he was looking to the property for the security for the loan; and that he never instructed Sherry to insert the guaranty clause in the transfer. He further testified that on the trip with Sherry and Alsop and prior to their arrival in Canton to obtain approval. of the loan, he learned for the first time about the guaranty clause in the transfer which had been executed the day before. Plaintiff admits that up until that time he had never heard Mr. Ellis' name mentioned, never had seen Ellis and did not know him. Plaintiff and defendant never met until many months after above transaction. Plaintiff did not know who was selling or buying the property until after the papers had been executed. Defendant did not know who was buying the property and knew nothing of the creation of a note or of plaintiff's agreement to purchase the note until the papers were presented to him for execution. Sherry as an attorney had been employed by and represented plaintiff in all the guardianship proceedings over a period of ten years and had prior hereto handled the legal details for plaintiff in making various other investments for the ward. Sherry was employed and paid by plaintiff to "do all this work in connection with this transaction." Alsop did not act for or as agent of plaintiff or defendant in his negotiations and it is not contended that he did.

In response to special issues the jury found: (1) That Jimmie B. Attaway and Ellis did not have any agreement or understanding of any kind before the signing of the transfer of the note and liens by Ellis that same was to contain any provision by which Ellis was to guarantee the payment of the note; (2) that the clause of guaranty was written into the instrument without the intention of either Attaway or Ellis that same should be therein contained; (3) that Ellis did not know such guaranty clause was in the instrument at the time he executed and delivered the same; and (4) that plaintiff's attorney, Prosper Sherry, represented to Ellis, at the time Ellis executed the assignment of the note, that by endorsing the note "without recourse" Ellis would not in any way be liable for the payment of the note; and (5) Ellis relied upon such representation.

The court refused plaintiff's motion for judgment non obstante veredicto, and based upon the jury's findings denied plaintiff a recovery.

It is observed that all issues which were submitted relate to the time Ellis executed and delivered the transfer to Sherry, the attorney. No attack is made upon the sufficiency of the evidence to support above findings. Appellant contends' that the evidence conclusively shows that the mutuality of the mistake did not continue concurrently in the minds of the parties down to the time of the consummation of the transaction because it is without question that the guaranty clause was in the transfer when same was exhibited with the note and other papers in his application to the probate court for approval and when the loan was so approved by the court; and further, appellant knew of such guaranty clause in the transfer at the time he closed the loan and paid the money.

After Ellis executed the papers in Sherry's office, he then delivered and turned over to Sherry the papers finally and unconditionally upon the understanding and Sherry's promise that a check for $3,800 would be delivered to Ellis within the course of a few days. Upon such delivery and under such understanding all agreements and undertakings on the part of Ellis were complete. This delivery to Sherry, indisputably plaintiff's attorney and agent, under all the attendant facts and circumstances hereinabove set out, was tan-

tamount to delivery of the papers to plaintiff. Elliott v. Morris, 43 Tex.Civ.App. 482, 98 S.W. 220; Borger Townsite Co. v. Hutchinson, Tex.Civ.App., 34 S.W.2d 912; Belgrade v. Carter, Tex.Civ.App., 146 S.W. 964; Cowden v. Broderick & Calvert, 131 Tex. 434, 114 S.W.2d 1166, 117 A.L.R. 61. Under the record here the court will look to the purposes and intentions of the parties to the instrument as of the time of such delivery to Sherry, the agent and attorney, for the purpose of ascertaining whether or not same reflected their true agreement and understanding. 53 C.J. pp. 929, 932, 946; Black on Rescission & Cancellation (2nd Ed.) Vol. 1, p. 408; Phillip Zorn Brewing Co. v. Malott, Ind., 46 N.E. 23; Cleghorn v. Zumwalt, 83 Cal. 155, 23 P. 294. With respect to what plaintiff discovered or learned for the first time after delivery of the papers to Sherry and its effect on the point above urged, see Columbian Nat. Life Ins. Co. v. Black, 10 Cir., 35 F.2d 571, 71 A.L.R. 128; 45 Am.Jur. § 62, p. 621; Cleghorn v. Zumwalt, supra.

With respect to the jury's findings in response to issues Nos. 3, 4 and 5, appellant contends that Sherry was employed by him only in the capacity of attorney to draft the papers to be executed by the parties and that Sherry's negotiations had with and the representations made to Ellis were not binding on appellant, in that as guardian, appellant could not legally delegate discretionary authority to his attorney so as to bind the guardian.

■■ In the disposition of above point it is unnecessary under the facts of this record to determine if the acts of Sherry here under attack be ministerial or discretionary. A guardian is clothed with legal authority to employ an attorney to prepare necessary legal documents relating to guardianship transactions and to procure the execution thereof. Terrell v. McCown, 91 Tex. 231, 43 S.W. 2, 3. Appellant admits that he agreed to make the loan on the strength of the property as security. In his brief appellant makes no claim that there is any evidence in the record which intimates that he instructed Sherry to insert the guaranty clause in the transfer, or that intimates that he declined or would have declined to make the loan without the personal guarantee of Ellis. According to appellant, he first learned of the guaranty clause being included in the transfer after his attorney had prepared same and after it had been executed by Ellis. Under such conduct and circumstances as detailed, appellant cannot accept the benefits of his agent's alleged unauthorized acts in procuring defendant's signature to the guaranty agreement without at the same time becoming responsible for the methods pursued by his attorney (as found by the jury) in obtaining such signature. "One, 'cannot blow hot and cold' with the same breath," Goldschmidt & Co. v. Wagner, Tex.Civ.App., 99 S.W. 737, 738; 2 Am.Jur. 177 Sec. 223; Sullivan & Co. v. Ramsey, Tex.Civ.App., 155 S.W. 580, 588; Wardlaw v. Pace, Tex.Civ.App., 66 S.W.2d 350; Lockney State Bank v. Damron, Tex.Civ. App., 179 S.W. 552.

■ Under points 3, 4 and 5, appellant contends that the order entered in the probate court was an approval and adjudication of the signed contracts as written; that such proceedings were an action in rem, and the order entered was a judgment in rem; and therefore appellee was bound by the order so entered, and except in a direct attack upon such order in a proceeding instituted for that purpose appellee could not, as here, assert his claimed right of reformation. Our statutes in probate matters do not authorize a guardian to invest funds belonging to a ward upon the personal security of an individual. In investing funds of the ward, in the securities named in Article 4181, R.C.S., the guardian was not required to procure above probate order. Articles 4180, 4181 and 4182, R.C.S. of 1925, Vernon's Ann.Civ.St. arts. 4180–4182; 21 T.J. p. 272. It definitely appears in this record that appellee was not a party to or participated in the application to the probate court for approval of the loan. Appellee had no notice or knowledge that an application for the approval of the loan would be made or would be necessary. Appellee did not know he was dealing with a ward or guardian or with funds of a guardianship. Under such circumstances and the approval of the loan by a probate court not being a necessary requisite for the guardian to make the loan, we decline to hold that appellee is barred by reason of such order to assert his defensive action here under consideration. Stanolind Oil & Gas Co. v. State, 136 Tex. 5, 133 S.W.2d 767; Koenig v. Rio Bravo Oil Co., Tex.Com.App., 24 S.W. 2d 14; Articles 4180, 4181 and 4182, supra.

We are of the opinion, further, that the judgment appealed from does not alter, change or abrogate the probate orders approving the loan. The recitals in said order make no mention of or reference to any purported guaranty of the payment of the note by appellee, the security referred to being the real estate therein described.

The judgment is affirmed.